**CHEUK FUNG YONG**[1] **ORIGINAL**
**A35-747-485**
**ICE El Centro Detention Center**
**1115 N. Imperial Ave.**
**El Centro, CA 92243**

FILED

08 JAN -3 AM 11:34

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: [signature] DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**CHEUK FUNG YONG,**
**[A35-747-485],**

**Petitioner,**

**v.**

**MICHAEL CHERTOFF, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, MICHAEL MUKASEY, ATTORNEY GENERAL, ROBIN F. BAKER, DIRECTOR OF SAN DIEGO FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, JOEL MATA, OFFICER-IN-CHARGE,**

**Respondents.**

**Civil Action No.** '08 CV 0007 LAB WMc

**PETITION**
**FOR**
**WRIT OF HABEAS CORPUS**

**[28 U.S.C. § 2241]**

**I.**

**INTRODUCTION**

The petitioner, Cheuk Fung Yong, respectfully petitions this Court for a writ of habeas corpus to remedy his unlawful detention.

---

[1]The petitioner is filing this petition for a writ of habeas corpus with the assistance of Janet Tung and the Federal Defenders of San Diego, Inc., who drafted the instant petition. That same counsel also assisted the petitioner in preparing and submitting his request for the appointment of counsel. Robin F. Baker is the director of the San Diego field office of U.S. Immigration and Customs Enforcement. He administers federal immigration laws on behalf of the Secretary of Homeland Security in the federal judicial district for the Southern District of California. In Mr. Baker's capacity as the director of the local office of U.S. Immigration and Customs Enforcement, he has immediate control and custody over the petitioner. Joel Mata is the officer in charge of the detention facility holding the petitioner.

Petitioner is in the custody of the Secretary of the Department of Homeland Security and the Attorney General of the United States and their employees (hereinafter "respondents"). He is detained at the respondents' detention facility in El Centro, California, under the control of the officer in charge.

## II.

## JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. §§ 1331, 2241(c)(1) and (3), and U.S. Const. art. I., § 9, cl. 2, because the petitioner is being unlawfully detained as a result of U.S. Immigration and Customs Enforcement's (ICE) misapplication of the provisions of 8 U.S.C. §§ 1226 & 1231. Federal district courts have jurisdiction to entertain habeas corpus petitions under 28 U.S.C. § 2241 to address the lawfulness of detentions of non-citizens by ICE. See Zadvydas v. Davis, 533 U.S. 678, 686-90 (2001). Moreover, his detention violates the Constitution, the laws, and the treaties of the United States, raising a federal question under 28 U.S.C. § 1331. See Magana-Pizano v. INS, 200 F.3d 603, 610 (9th Cir. 2000); Goncalves v. Reno, 144 F.3d 110, 123 (1st Cir. 1998). Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471, 482-83 (1999), makes clear that the petitioner's habeas petition is not barred by 8 U.S.C. § 1252(g).

Venue is proper in this district because the petitioner is detained here. See 28 U.S.C. § 2241, et. seq., and 28 U.S.C. § 1391(e).

## III.

## BACKGROUND

Petitioner, a native of Hong Kong, and a lawful permanent resident of the United States since 1978, entered the custody of Respondents on August 7, 2006. Petitioner has remained in the continuous custody of Respondents for sixteen months to date. He has been detained at the ICE El Centro Detention Center.

Petitioner was ordered removed from the United States by an immigration judge (IJ) on October 25, 2006, appealed to the Board of Immigration Appeals (BIA) and lost on January 24, 2007, and has appealed that decision to the Ninth Circuit Court of Appeals (Case No. 07-70619). The Ninth Circuit entered a temporary stay of removal under General Order 6.4(c)(1)(3) on February 15, 2007, and set a May 10, 2007, deadline for the government to respond to the motion for stay. On June 5, 2007, due to Respondent's failure to file a timely response to the motion for stay, the Court ordered the temporary stay

of removal to remain in effect. The Ninth Circuit also granted Petitioner's motion for appointment of counsel, and set a briefing schedule. The schedule ordered that petitioner's opening brief be filed by October 15, 2007, and that the answering brief be filed by November 14, 2007. Pursuant to Petitioner's request, the opening brief is now due on January 18, 2008. Briefing is not likely to be completed for at least a few months, and there is likewise no date certain is set for either submission or decision of Petitioner's Ninth Circuit case. Petitioner is represented pro bono in his underlying immigration case by Kathryn Davis, Esq., of the Law Offices of Kathryn Davis.

In his currently pending Ninth Circuit case, Petitioner is appealing the legal basis and evidentiary sufficiency for the removal decision and denial of relief, and challenging the procedural integrity of the immigration proceeding. Petitioner appeared *pro se* before the immigration court and the BIA, and was deemed ineligible for relief on the basis of insufficient and improper evidence, including extrinsic evidence of an alleged conviction of an aggravated felony, of which he lacked adequate notice.

Petitioner has remained detained in Respondents' custody for 16 months to date, despite his efforts to seek release pending the resolution of his immigration case. Petitioner was most recently denied release on or about May 7, 2007. Respondents issued a Decision to Continue Detention on that date, which denied release on the grounds that Petitioner "ha[s] failed to demonstrate that [he] will not pose a flight risk." See Exhibit A, attached hereto. Without explaining the legal basis for its conclusion, or acknowledging that the Ninth Circuit deemed Petitioner's appeal substantial enough to appoint pro bono counsel, the decision simply asserted that: "[B]ased on the facts presented in your case, it is only a matter of time before [the Ninth Circuit] render[s] a decision in favor of the Agency." See id. It is unknown what information, if any, Respondents' apparent clairvoyance is founded upon. The decision identified no other basis for continued detention, and nowhere claims that Petitioner is a danger to the community. See id. Due to the Ninth Circuit's stay, there is no final order of removal against Petitioner in effect at this time. Unless this petition is granted, Petitioner's detention will be unlawfully prolonged for months.

## IV.

## ARGUMENT

### THIS COURT MUST RELEASE THE PETITIONER FROM THE CUSTODY OF THE RESPONDENTS UNDER APPROPRIATE CONDITIONS OF SUPERVISION.

Petitioner seeks release from the custody of respondents on the basis of two recent Ninth Circuit decisions, Tijani v. Willis, 430 F.3d 1241 (9th Cir. 2005), and Nadarajah v. Gonzales, 443 F.3d 1069 (9th Cir. 2006). These cases follow the Supreme Court's principles on indefinite detention laid down in Zadvydas v. Davis, 533 U.S. 678, 689 (2001), and apply them to detainees subjected to prolonged detention and whose orders of removal are on review. These cases hold that it is "constitutionally doubtful" that the detention statutes permit lengthy periods of custody pending outcome of legal challenges. Under the authority of Tijani and Nadarajah, petitioner is entitled to release on order of supervision pending resolution of his appeals.

Two federal statutes authorize civil detention of aliens prior to final removal orders. Aliens may be detained or released at the discretion of the Attorney General under 8 U.S.C. § 1226(a). However, aliens who are subject to removal due to certain types of criminal convictions, such as aggravated felonies or crimes of moral turpitude, are detained under so-called mandatory detention provisions in 8 U.S.C. § 1226(c). Once an order of removal is final, continued detention is governed by 8 U.S.C. § 1231 and implementing regulations.

If detainees with final orders are not removed within the 90-day statutory period, the Attorney General can release them under appropriate conditions of supervision, including regular appearances before an immigration officer, travel restrictions, and medical or psychiatric examinations, among other requirements. See Ma v. Ashcroft, 257 F.3d 1095, 1104 (9th Cir. 2002); see also 8 U.S.C. § 1231(a)(3) (listing the conditions of supervision for deportable or removable aliens released from immigration custody at the expiration of the ninety-day removal period). The Attorney General may detain a deportable or inadmissible alien beyond the removal period only when he determines that the individual would "be a risk to the community or unlikely to comply with the order of removal" if released from immigration custody. 8 U.S.C. § 1231(a)(6).

In Zadvydas, however, the Supreme Court held that this civil detention authority permits only a period of custody that is reasonably necessary to bring about an alien's removal from the United States, and "does not permit indefinite detention." Thus, federal officials **must** release a deportable alien from custody under appropriate conditions of supervision when no "significant likelihood of removal [exists] in the reasonably foreseeable future." Id.; see also Martinez, 543 U.S. at 386-87 (Zadvydas principles

applicable equally to class of inadmissible aliens).

In Zadvydas, Kim, and Martinez, the Supreme Court repeatedly recognized that unreasonable, indefinite administrative detention raises serious due process problems. It construed the immigration detention statutes consistently with the Fifth Amendment as permitting detention only during a period reasonably necessary to accomplish removal. See Zadvydas, 533 U.S. at 690; Kim, 538 U.S. at 513; Martinez, 543 U.S. at 386; see also Ly v. Hansen, 351 F.3d 263, 268 (6th Cir. 2003) (immigration detention should last only "for a time reasonably required to complete removal proceedings in a timely manner"). In short, a detention which may be reasonably related to a government purpose at the outset may no longer comply with due process requirements once it becomes unreasonably prolonged. See Zadvydas, 533 U.S. at 699 ("Consequently, interpreting the statute to avoid a serious constitutional threat, we conclude that, once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute. See 1 E. Coke, Institutes *70b ('*Cessante ratione legis cessat ipse lex*') (the rationale of a legal rule no longer being applicable, that rule itself no longer applies)."); Kim, 538 U.S. at 532 (Kennedy, J., concurring) ("If the Government cannot satisfy this minimal, threshold burden [of removability], then the permissibility of continued detention pending deportation proceedings turns solely upon the alien's ability to satisfy the ordinary bond procedures–namely, whether if released the alien would pose a risk of flight or a danger to the community."); Martinez, 543 U.S. at 385 ("In Zadvydas, it was the statute's text read in light of its purpose, not some implicit statutory command to avoid approaching constitutional limits, which produced the rule that the Secretary may detain aliens only for the period reasonably necessary to bring about their removal.").

The Ninth Circuit in Tijani and Nadarajah has applied the reasoning of these Supreme Court cases to the circumstances of detainees whose orders of removal are still subject to active legal challenges, that is, those detained under 8 U.S.C. § 1226 instead of § 1231. Consistent with the trend seen in Martinez to bring all classes of indefinitely detained aliens under the due process protections recognized in Zadvydas, Tijani and Nadarajah provide relief to detainees in petitioner's circumstances who are exposed to prolonged civil detention while their appeals are processed.

In Tijani, the Court of Appeals reviewed a § 2241 habeas petition by a deportee who had been held in custody for 32 months awaiting the outcome of his appeals. Tijani held it was "constitutionally

doubtful that Congress may authorize imprisonment of this duration for lawfully admitted resident aliens who are subject to removal." 430 F.3d at 1242. Distinguishing Demore v. Kim, because Tijani did not concede he was deportable, the Court ordered his release unless he was provided with a bail hearing and found unsuitable for release under the usual factors of risk of flight or danger to the community. See id.; see Kim, 538 U.S. at 522-23. Moreover, Kim was grounded on the Supreme Court's assumption that the period of detention would be "brief," only that "necessary for his removal proceedings," which the Supreme Court estimated as roughly six weeks in duration on average, or five months if further review is sought. See id.; see Kim, 538 U.S. at 522-23, 530. As Tijani's detention while awaiting outcome of his appeals far exceeded these estimates of the constitutionally permitted "brief period" of detention, he was entitled to release proceedings under the Zadvydas principles. See id. Thus, Tijani was entitled to release on habeas corpus unless the government proved at a hearing before an immigration judge that the petitioner was a flight risk or danger to the community. See id.[2]

In his concurring opinion, Judge Tashima expanded on the decision in order to provide guidance to the district courts. Judge Tashima saw the heart of the case to be a problematic decision, In re Joseph, 22 I. & N. Dec. 799 (BIA 1999), which he stated erroneously treated 8 U.S.C. § 1226(c) as permitting indefinite detention. See id. at 1243-44 (Tashima, J., concurring). Rather, Zadvydas made it clear that "[w]hen such a fundamental right [as personal liberty] is at stake, the Supreme Court has insisted on heightened procedural protections to guard against the erroneous deprivation of that right." Id. at 1244. The natural limitation on authority to detain, in Judge Tashima's view, is "[o]nly those immigrants who could not raise a 'substantial' argument against their removability should be subject to mandatory detention." Id. at 1247. Such a standard "strikes the best balance between the alien's liberty interest and the government's interest in regulating immigration." Id. Because Tijani had a potentially meritorious claim that his conviction was not a categorical crime of moral turpitude, he made a showing of a "substantial argument" which would warrant release on appeal. See id. at 1247-48.

---

[2]However, in so proving, it is important that the assessment be based on the *current* circumstances relating to the detainee and not simply on past criminal convictions. See Lawson v. Gerlinski, 332 F. Supp.2d 735, 745 (M.D. Pa. 2004) (" 'To presume dangerousness to the community and risk of flight based solely on [an alien's] past record does not satisfy due process.' ") (quoting Ngo v. INS, 192 F.3d 390, 398-99 (3d Cir. 1999)).

Judge Tashima observed the perverse penalizing effect of detention for those who have the best reasons to stay and fight: "By subjecting immigrants who, like Tijani, raise difficult questions of law in their removal proceedings to detention while those proceedings are conducted, the Joseph standard forces those immigrants to endure precisely what Tijani has endured: detention that lasts for a prolonged period of months or years." Id. at 1246 n.3. Judge Tashima concluded that liberty is one of the most fundamental rights protected by the Constitution, and the Supreme Court has indicated time and again that the individual should not carry the burden of protecting this fundamental right. See id. at 1245-46. Moreover, he put into question the continued viability of Joseph, which was decided prior to the Supreme Court's holding in Zadvydas. See id. at 1246; see also Miller v. Gammie, 335 F.3d 889, 900 (9th Cir. 2003) (en banc) (lower courts are not bound by prior precedent that has seriously been undermined by intervening Supreme Court authority).

In Nadarajah, the Ninth Circuit considered an indefinite detainee held under suspicion of terrorist affiliation. Nadarajah challenged his detention and was pursuing a claim for asylum, but the government relied on the silence of the asylum detention statute to detain Nadarajah while this litigation proceeded. See 443 F.3d at 1076-78. However, the Court held that the asylum detention statute was equally subject to the strictures of Zadvydas. See id. at 1082. Moreover, the Court held the principles of Fed. R. App. Proc. 23(b), allowing release on bail pending appeal, apply to such immigration detentions. Id. at 1083. The usual standards operate in such cases: (1) probability of success on merits and irreparable harm; or (2) serious legal question and a balance of the hardships. Id. Moreover, the showing of probable success correspondingly lessens as the length of detention increases. Id. at 1083-84. In Nadarajah, the Court found the 52 months of detention were a great hardship that accordingly reduced the required showing of likelihood of success. Id.

Petitioner's case compares favorably to the fact situations in Tijani and Nadarajah, and therefore he is equally entitled to release under supervision. Like Tijani, petitioner can raise his argument for release through the vehicle of a § 2241 petition, and he too can point to substantial arguments regarding both his predicate criminal conviction and the deportation proceeding. Petitioner raises substantive arguments attacking these underlying proceedings, including the procedural integrity of the immigration court proceeding itself, as well as the legal basis for the IJ's determination of his ineligibility for cancellation

of removal, any one of which would count as a "substantial question" under the Tashima analysis in Tijani. Together, they show petitioner has a reasonable basis for his legal challenges. As Judge Tashima observed, the detainee need not show certainty of outcome to gain release, just that "a closer look is surely required." Tijani, 430 F.3d at 1248 (Tashima, J., concurring).

Also, as in Nadarajah, petitioner here can demonstrate a basis for release under the factors in Fed. R. App. P. 23(b). He raises substantive and complex legal questions. His continued loss of personal liberty in itself constitutes irreparable harm. As for the balance of hardships, petitioner here has been in respondents' custody for 16 months and counting. The period of detention is likely to increase significantly during the pendency of this proceeding, especially given the that his immigration appeal is not yet fully briefed before the Ninth Circuit.

Balancing the factors identified in case law for release of detainees while legal challenges are pending, petitioner is entitled to release at least as much as the petitioners in Tijani and Nadarajah. In addition to the severe harm generally flowing from a continued deprivation of personal liberty, his ability to pursue his meritorious appeals and to obtain legal assistance is seriously impaired by continued detention.

As Chief Judge Vanaskie observed in Lawson, 332 F. Supp. 2d at 745:

> The price for securing a stay of removal should not be prolonged incarceration. "Freedom from imprisonment–from government custody, detention, or other forms of physical restraint–lies at the heart of the liberty that [the Fifth Amendment's Due Process] Clause protects." Zadvydas, 533 U.S. at 690. "[G]overnment detention violates that Clause unless the detention is ordered in a *criminal* proceeding with adequate procedural protections, or, in certain special and 'narrow' non-punitive 'circumstances,' where a special justification, such as harm-threatening mental illness, outweighs the 'individual's constitutionally protected interest in avoiding physical restraint.' " Id. The fact that the alien has procured a stay of removal does not undermine the due process bedrock principle that there must be a "special justification" outweighing the alien's constitutionally-protected interest in liberty, as well as "adequate procedural protections" to continue incarceration while the alien litigates his claims.

Consonant with these principles, this Court and other district courts have granted petitioners relief in cases which have raised identical claims under Tijani and Nadarajah, recognizing that indefinite detention pending substantive legal challenges violates due process. See Macalma v. Chertoff, No. 06CV2623-WQH (AJB), 2007 WL 1516744 (S.D. Cal. May 22, 2007); Soeoth v. Gonzales, No. 06CV7451-TJH (MLG) (C.D. Cal. Jan. 5, 2007); Diouf v. Gonzales, No. 06CV7452-TJH (FMO) (C.D. Cal. Jan. 5, 2007); Martinez v. Gonzales, No. 06CV7609-TJH (AJW) (C.D. Cal. Jan. 8, 2007)); Rasheed v. Gonzales,

No. 06CV7449-TJH (MAN) (C.D. Cal. Jan. 8, 2007). Copies of orders granting relief in these cases are attached hereto as Exhibit B.

V.

**REQUESTED RELIEF**

The petitioner requests that this Court order the respondents to release him from custody under the conditions of supervision set forth in 8 U.S.C. §1231(a)(3). Alternatively, the Court should order a release hearing to evaluate petitioner's eligibility for supervision under appropriate conditions.

VI.

**VERIFICATION**

I, Cheuk Fung Yong, hereby verify that the facts contained in the instant petition are true and correct.

Respectfully submitted,

Dated: 11-29-07

CHEUK FUNG YONG
Petitioner

# Exhibit A

Office of Detention and Removal Operations
San Diego Field Office

**U.S. Department of Homeland Security**
880 Front Street
San Diego, CA 92101

U.S. Immigration
and Customs
Enforcement

YONG, Cheuk Fung (A35 747 485)
C/O El Centro Service Processing Facility
1115 N. Imperial Avenue
El Centro, CA 92243

## Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to ICE's reviewing officials.

You have failed to demonstrate that you will not pose a flight risk. An Immigration Judge has ordered you removed to Hong Kong. Your case is currently pending before the Ninth Circuit Court of Appeals. Nevertheless, based on the facts presented in your case, it is only a matter of time before they render a decision in favor of the Agency. A travel document has been issued, and your removal to the country of Hong Kong should be effected in the near future. Therefore, it is not in the best interest of Immigration and Customs Enforcement to release you at this time.

Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

R. Culley
Robert Culley, Deputy Field Office Director, San Diego, CA

5/7/7
Date

# Exhibit B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

PAUL GUEVARRA MACALMA,

Petitioner,

vs.

MICHAEL CHERTOFF, Secretary of Homeland Security, et.al. ,

Respondents.

CASE NO. 06CV2623 WQH (AJB)

ORDER

Hayes, Judge:

The matter before the Court is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by Paul Guevarra Macalma. (Doc. # 1.)

**BACKGROUND**

Petitioner Paul Guevarra Macalma is a native and citizen of the Philippines. Petitioner was born in Manila on April 24, 1981. Petitioner's father Benjamin Macalma left the Philippines and was admitted to the United States as a lawful permanent resident on December 31, 1981. Benjamin Macalma became a United States citizen by naturalization on June 18, 1993.

On November 16, 1996, Petitioner entered the United States as a lawful permanent resident.

On September 20, 2000, Petitioner was convicted in California state court of receiving stolen property in violation of California Penal Code §496(a) and "sentenced to three years of probation which was formally revoked on September 16, 2003." (Government's Return, Doc. # 6 at 3.)

On November 20, 2003, the Department of Homeland Security took custody of Petitioner and placed him in removal proceedings. Based upon his September 20, 2000 conviction for receiving stolen property, Petitioner was charged with deportability under Section 237(a)(2)(A)(i) for having been convicted of a crime involving moral turpitude committed within five years after admission for which a sentence of one year or longer may be imposed. In the hearing before the Immigration Judge, Petitioner claimed United States citizenship by acquisition through his naturalized father.

On March 10, 2004, the Immigration Judge found that Petitioner was not a citizen and ordered him removed to the Philippines. Petitioner filed an appeal to the Board of Immigration Appeals.

On October 22, 2004, the Board of Immigration Appeals upheld the decision of the Immigration Judge that Petitioner had not derived citizenship through his father under former section 321 of the Immigration and Naturalization Act, 8 U.S.C. § 1432(a).

On November 16, 2004, Petitioner filed a Petition for Review in the Court of Appeals for the Ninth Circuit along with a motion to stay deportation pending resolution of the appeal. *Macalma v. Gonzales*, No. 04-75821.

On June 14, 2005, Respondents filed a statement of non-opposition to the motion for stay of removal.

On August 5, 2005, the Court of Appeals filed an order which appears in the docket in part as follows: "respondent has filed a statement of non-opp to mtn for stay of removal; temporary stay of removal continues in effect until the issuance of the mdt or further order of the ct." (Docket # 6, Exhibit 12 at 5.)

On February 27, 2006, Petitioner filed his opening brief in the Court of Appeals along with a motion for appointment of counsel.

On March 21, 2006, the Court of Appeals denied the motion for appointment of counsel and ordered Respondents to file an answering brief within 30 days.

On June 5, 2006, Respondents filed a motion to remand to the Board of Immigration Appeals for reconsideration of the February 28, 2005 determination that Petitioner had not

derived citizenship through his father under former section 321 of the Immigration and Naturalization Act, 8 U.S.C. § 1432(a). Respondents requested that the Court of Appeals remand the case to the Board "so that it can review this case in light of the Court's decision in *Minaysan [v. Gonzales*, 401 F.3d 1069 (9th Cir. 2005)]." (Doc. #6, Exhibit 16 at 2.)

On August 23, 2006, the Court of Appeals entered an order which appears on the docket in part as follows: "unless an opp to the mtn [to remand] is filed within 14 days of this order, the mtn will be granted." (Doc. # 6, Exhibit 14 at 7.)

On September 22, 2006, the Court of Appeals granted Respondents' "unopposed" motion to remand and stated "the parties are deemed to have agreed that the court's remand order shall stay petitioner's removal." (Doc. # 6, Exhibit 14 at 7.)

On November 28, 2006, Petitioner filed the Petition for Writ of Habeas Corpus now pending before this Court. (Doc. # 1.)

On December 7, 2006, this Court filed an Order to Show Cause why the Petition should not be granted ordering the Respondents to file a written return no later than December 29, 2006. (Doc. # 2.)

On January 23, 2007, this Court filed a Second Order to Show Cause upon Respondents' failure to comply with the Court's order filed on December 7, 2006. This Court ordered Respondents to file a written return no later than January 31, 2007. (Doc. # 3.)

On January 30, 2007, Respondents filed a Response to the Second Order to Show Cause stating that the Petition had not been served upon Respondents; that the Order to Show Cause filed on December 7, 2006 had not been received by Counsel for Respondents; and that the Second Order to Cause was received on January 29, 2007. Respondents requested and the Court allowed additional time to file a return. (Docs. # 4 and 5.)

On March 5, 2006, Respondents filed a Return in Opposition to the Petition for Writ of Habeas Corpus. (Doc. # 6.)

On March 9, 2007, the Board of Immigration Appeals issued a ruling "once again dismiss[ing] the appeal. (Doc. # 13, Exhibit 25 at 2.) The Board of Immigration Appeals considered "*Minasyan* to be materially distinguishable from the present case for a number of

reasons." (*Id.*) The Board concluded that Petitioner had not met his burden of proving that he derived United States citizenship through either of his parents. (*Id.* at 3.)

On March 12, 2007, the American Civil Liberties Union filed a motion for leave to file a brief as *Amicus Curiae* which was granted by this Court. (Docs. # 7 and 10.)

On March 19, 2007, Petitioner filed a motion to reopen before the Board of Immigration Appeals.

On April 18, 2007, Respondents filed the Government's Opposition to *Amicus Curiae* Brief. (Doc. # 13).

On May 11, 2007, the American Civil Liberties Union filed a Reply to the Government's Opposition Brief. (Doc. # 16).

On May 3, 2007, Petitioner filed a Traverse. (Doc # 15.)

**CONTENTIONS OF THE PARTIES**

Petitioner contends that he is entitled to release from the custody of Respondents under appropriate conditions of supervision. Petitioner contends the case law supports the exercise of discretion in releasing deportees during the pendency of colorable challenges to the proceedings underlying their removal. Petitioner requests that the Court order Respondents to release him from custody under appropriate conditions of supervision.

The *Amicus Curiae* Brief in Support of the Petitioner's Writ of Habeas Corpus contends that the Petitioner's prolonged detention is contrary to the immigration laws and the United States Constitution for the following three reasons: 1) there is no statute which authorizes Petitioner's prolonged detention of more than three years, 2) the immigration statutes and due process require that Petitioner be afforded a hearing to determine whether his detention is justified, and 3) the sheer length of Petitioner's detention violates the Due Process Clause of the United States Constitution. The *Amicus Curiae* Brief asserts that Petitioner's detention under 8 U.S.C. §1226(c)(1)(C) was not authorized at any time because he was sentenced to three years of probation and was not sentenced to at least one year imprisonment as required pursuant to Section 1226(c)(1)(C). Even if Section 1226(c) applies, the *Amicus Curiae* Brief asserts that this case is not distinguishable in any meaningful way from the case of *Tijani v.*

*Willis*, 430 F.3d 1241 (9th Cir. 2005) in which the Court of Appeals concluded that detention of two years and eight months was not within the authority conferred by Section 1226(c). The *Amicus Curiae* Brief requests that the Court grant the Writ of Habeas Corpus and order Petitioner's immediate release under reasonable conditions of supervision, or, in the alternative, order the Respondents to hold a constitutionally adequate hearing before an immigration judge to determine whether the continued detention is justified.

Respondents contend that the Petition should be denied on the grounds that detention pending the completion of removal proceedings is mandatory for certain aliens who have committed specific criminal offenses. Respondents contend that Section 1226(c)(1)(C) mandates detention for Petitioner because he has been convicted of committing a crime involving moral turpitude and sentenced to at least one year of imprisonment. Respondents contend that there have been no inordinate delays in the administrative proceedings before the Immigration Judge and the Board of Immigration Appeals. Respondents contend that the *Tijani* case applies only to cases involving prolonged administrative removal proceedings and is not applicable to judicial delay. Respondents contend that Petitioner has the ability to prosecute his appeal from his home country and that he chose instead to pursue his claim through judicial review from within the United States making his detention voluntary. Respondents do not address the assertion that Section 1226(c) does not apply to Petitioner because he was not sentenced to at least one year imprisonment.

**DISCUSSION**

Petitioner has been in the custody of the Secretary of the Department of Homeland Security and the Attorney General since November 20, 2003 pursuant to the authority conferred under 8 U.S.C. § 1226(c)(1)(C). Petitioner was ordered removed on March 10, 2004 and this order of removal has been stayed by order of the Court of Appeals up to the present time. This Court has jurisdiction under 28 U.S.C. § 2241 to determine a challenge to confinement on statutory and constitutional grounds which do not involve final orders of removal. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006). The final order of removal in this case has been stayed by the Court of Appeals and the resolution of the

challenge to confinement does not involve a final order of removal.

Under Section 1226(a), an alien charged with removability may, upon a warrant, be arrested and detained pending removal proceedings. Such an alien may, in the discretion of the Attorney General (now the Secretary of Homeland Security), be released on bond or on conditional parole, pending the completion of the removal proceedings, unless the alien falls within the categories of aliens described in Section 1226(c).

Petitioner is charged with being subject to removal pursuant to 8 U.S.C. §1227(a)(2)(A)(i) which provides for the deportation of a lawfully admitted alien who is convicted of a crime involving moral turpitude committed within five years after the date of admission and "is convicted of a crime for which a sentence of one year or longer may be imposed." Section 1227(a)(2)(A)(i)(II). Petitioner is held under the detention provisions of 8 U.S.C. § 1226(c)(1)(C) which provides that "the Attorney General shall take into custody an alien who - is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentenced to a term of imprisonment of at least 1 year." The documents submitted in this case do not establish that Petitioner has been "sentenced to a term of imprisonment of at least 1 year." 8 U.S.C. § 1226(c)(1)(C). Respondent has not established that 8 U.S.C. § 1226(c)(1)(C) authorizes the mandatory detention of the Petitioner. Based upon the record in this case, Petitioner is entitled to a release hearing pursuant to the provisions of 8 U.S.C. § 1226(a).

IT IS HEREBY ORDERED that the Petition for Habeas Corpus is granted as follows: Respondents shall provide a release hearing to Petitioner pursuant to the provisions of 8 U.S.C. § 1226(a) within 10 days of the date of this order. The Court appoints the Federal Defender as counsel for Petitioner for the sole purpose of representation in this habeas action. Respondents shall file a status report in this case within 20 days of the date of this order. This case will remain open pending further order of this Court.

DATED: May 22, 2007

William Q. Hayes
**WILLIAM Q. HAYES**
United States District Judge

ORIGINAL

PETER J. ELIASBERG (SBN 189110)
AHILAN T. ARULANANTHAM (SBN 237841)
RANJANA NATARAJAN (SBN 230149)
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
1616 Beverly Boulevard
Los Angeles, California 90026
Tel: (213) 977-9500
Fax: (213) 250-3919

Attorneys for Petitioner
(Additional counsel listed on following page)

ORIGINAL

FILED
CLERK, U.S. DISTRICT COURT
JAN - 4 2007
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

LODGED FILED
CLERK, U.S. DISTRICT COURT
NOV 2 1 2006
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

SCANNED

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

RAYMOND GERALD AUGUSTINO SOEOTH, A# 75-694-789

Plaintiff-Petitioner,

vs.

ALBERTO GONZALES, United States Attorney General; MICHAEL CHERTOFF, Secretary, Department of Homeland Security; JULIE L. MYERS, Assistant Secretary, United States Immigration and Customs Enforcement; NORMA BONALES-GARIBAY, Field Office Director U.S. Immigration and Customs Enforcement; GEORGE MOLINAR, Chief of Detention and Removal Operations, San Pedro Detention Facility; STUART CORTEZ, Officer-In-Charge, San Pedro Detention Facility,

Defendant-Respondents.

Case No.: CV06-7451 TJH (MLG)

**~~[PROPOSED]~~ ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION**

ENTERED
CLERK, U.S. DISTRICT COURT
JAN - 5 2007
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d)

Additional counsel:

JUDY RABINOVITZ*
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2618
Facsimile: (212) 549-2654

CECILLIA D. WANG (CSB #187782)
MÓNICA M. RAMIREZ (CSB #234893)**
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0775
Facsimile: (415) 395-0950

JAYASHRI SRIKANTIAH (CSB #189566)
STANFORD LAW SCHOOL IMMIGRANTS' RIGHTS CLINIC
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
Telephone: (650) 724-2442
Facsimile: (650) 723-4426

*Application for admission *pro hac vice* forthcoming
**Pending admission to Central District of California

SCANNED

**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION**

The Court finds that Petitioner has demonstrated a substantial likelihood of success on the merits, that he will suffer irreparable injury in the absence of a preliminary injunction, and that the balance of hardship tips sharply in his favor. Therefore, this Court hereby ORDERS that the Defendant-Respondents and their employees, assigns, and all those acting in concert with them are preliminarily enjoined as follows:

_____ Petitioner must be immediately released on reasonable conditions of supervision, including electronic monitoring if necessary.

OR, in the alternative:

__X__ Petitioner must be ~~released~~ within thirty days ~~unless he is~~ afforded an individual hearing before an immigration judge concerning whether his prolonged detention is justified. At the hearing, the immigration judge shall order Petitioner released on reasonable conditions unless the government shows by clear and convincing evidence that Petitioner presents a sufficient danger or risk of flight to justify his detention in light of how long he has been detained already and the

///

///

///

likelihood of his case being finally resolved in favor of the government in the reasonably foreseeable future.

IT IS SO ORDERED.

Dated: ~~November __, 2006~~ 1/3/07

By: ______________________
United States District Judge

SCANNED

PETER J. ELIASBERG (SBN 189110)
AHILAN T. ARULANANTHAM (SBN 237841)
RANJANA NATARAJAN (SBN 230149)
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1616 Beverly Boulevard
Los Angeles, California 90026
Tel: (213) 977-9500
Fax: (213) 250-3919

Attorneys for Petitioner
(Additional counsel listed on following page)

ORIGINAL

Priority ✓
Send ✓
Enter ✓
Closed
JS-5/JS-6 ✓
JS-2/JS-3 —
Scan Only —

FILED
CLERK, U.S. DISTRICT COURT
JAN - 4 2007
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

LODGED
CLERK, U.S. DISTRICT COURT
NOV 21 2006
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

AMADOU LAMINE DIOUF, A# 79-768-086,

Plaintiff-Petitioner,

vs.

ALBERTO GONZALES, United States Attorney General; MICHAEL CHERTOFF, Secretary, Department of Homeland Security; JULIE L. MYERS, Assistant Secretary, United States Immigration and Customs Enforcement; NORMA BONALES-GARIBAY, Field Office Director U.S. Immigration and Customs Enforcement; GEORGE MOLINAR, Chief of Detention and Removal Operations, San Pedro Detention Facility; STUART CORTEZ, Officer-In-Charge, San Pedro Detention Facility,

Defendant-Respondents.

Case No.: CV06-7452 TJH ~~SHO~~ (FMO)

**[~~PROPOSED~~] ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION**

ENTERED
CLERK, U.S. DISTRICT COURT
JAN - 5 2007
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

17

Additional counsel:

JUDY RABINOVITZ*
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2618
Facsimile: (212) 549-2654

CECILLIA D. WANG (CSB #187782)
MONICA M. RAMIREZ (CSB #234893)**
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0775
Facsimile: (415) 395-0950

JAYASHRI SRIKANTIAH (CSB #189566)
STANFORD LAW SCHOOL IMMIGRANTS' RIGHTS CLINIC
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
Telephone: (650) 724-2442
Facsimile: (650) 723-4426

*Application for admission *pro hac vice* forthcoming
**Pending admission to Central District of California

SCANNED

# [PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION

The Court finds that Petitioner has demonstrated a substantial likelihood of success on the merits, that he will suffer irreparable injury in the absence of a preliminary injunction, and that the balance of hardship tips sharply in his favor. Therefore, this Court hereby ORDERS that the Defendant-Respondents and their employees, assigns, and all those acting in concert with them are preliminarily enjoined as follows:

_____ Petitioner must be immediately released on ~~reasonable~~ conditions of supervision, including electronic ~~monitoring~~ if necessary.

OR, in the ~~alternative~~:

X Petitioner must be ~~released~~ within thirty days ~~unless he is~~ afforded an individual hearing before an immigration judge concerning whether his prolonged detention is justified. At the hearing, the immigration judge shall order Petitioner released on reasonable conditions unless the government shows by clear and convincing evidence that Petitioner presents a sufficient danger or risk of flight to justify his detention in light of how long he has been detained already and the

///

///

///

likelihood of his case being finally resolved in favor of the government in the reasonably foreseeable future.

SCANNED

IT IS SO ORDERED.

Dated: ~~November __, 2006~~ 1/3/07

By: ________________________
United States District Judge

ORIGINAL

PETER J. ELIASBERG (SBN 189110)
AHILAN T. ARULANANTHAM (SBN 237841)
RANJANA NATARAJAN (SBN 230149)
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
1616 Beverly Boulevard
Los Angeles, California 90026
Tel: (213) 977-9500
Fax: (213) 250-3919

FILED
CLERK, U.S. DISTRICT COURT
JAN - 4 2007
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

~~Attorneys for Petitioner~~
(Additional counsel listed on following page)

LODGED
CLERK, U.S. DISTRICT COURT
NOV 30 2006
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

Priority X
Send X
Enter X
Closed X
~~JS-5~~/JS-6 NO
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

VICTOR MARTINEZ, A# 30-700-636

Plaintiff-Petitioner,

vs.

ALBERTO GONZALES, United States Attorney General; MICHAEL CHERTOFF, Secretary, Department of Homeland Security; JULIE L. MYERS, Assistant Secretary, United States Immigration and Customs Enforcement; NORMA BONALES-GARIBAY, Field Office Director U.S. Immigration and Customs Enforcement; GEORGE MOLINAR, Chief of Detention and Removal Operations, San Pedro Detention Facility; STUART CORTEZ, Officer-In-Charge, San Pedro Detention Facility,

Defendant-Respondents.

Case No.: CV06-7609 ~~DDP~~ TJH (AJW)

~~[PROPOSED]~~ ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION

ENTERED
CLERK, U.S. DISTRICT COURT
JAN - 8 2007
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

RECEIVED
CLERK, U.S. DISTRICT COURT
NOV 21 2006
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

22



**~~[PROPOSED]~~ ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION**

The Court finds that Petitioner has demonstrated a substantial likelihood of success on the merits, that he will suffer irreparable injury in the absence of a preliminary injunction, and that the balance of hardship tips sharply in his favor. Therefore, this Court hereby ORDERS that the Defendant-Respondents and their employees, assigns, and all those acting in concert with them are preliminarily enjoined as follows:

_____ Petitioner must be immediately released on reasonable conditions of supervision, including electronic monitoring if necessary.

OR, in the alternative:

_X_ Petitioner must be ~~released~~ within thirty days ~~unless he is~~ afforded an individual hearing before an immigration judge concerning whether his prolonged detention is justified. At the hearing, the immigration judge shall order Petitioner released on reasonable conditions unless the government shows by clear and convincing evidence that Petitioner presents a sufficient danger or risk of flight to justify his detention in light of how long he has been detained already and the

///

///

///

likelihood of his case being finally resolved in favor of the government in the reasonably foreseeable future.

IT IS SO ORDERED.

Dated: ~~November __, 2006~~ 1/3/07

By: Terry J. Hatter, Jr.
United States District Judge

SCANNED

Additional counsel:

JUDY RABINOVITZ*
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2618
Facsimile: (212) 549-2654

CECILLIA D. WANG (CSB #187782)
MONICA M. RAMIREZ (CSB #234893)**
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0775
Facsimile: (415) 395-0950

JAYASHRI SRIKANTIAH (CSB #189566)
STANFORD LAW SCHOOL IMMIGRANTS' RIGHTS CLINIC
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
Telephone: (650) 724-2442
Facsimile: (650) 723-4426

*Application for admission *pro hac vice* forthcoming
**Pending admission to Central District of California



PETER J. ELIASBERG (SBN 189110)
AHILAN T. ARULANANTHAM (SBN 237841)
RANJANA NATARAJAN (SBN 230149)
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1616 Beverly Boulevard
Los Angeles, California 90026
Tel: (213) 977-9500
Fax: (213) 250-3919

ORIGINAL

FILED
CLERK, U.S. DISTRICT COURT
JAN - 4 2007
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

SCANNED

Priority
Send
Enter
Closed
JS-5/JS-6 NO
JS-2/JS-3
Scan Only

Attorneys for Petitioner
(Additional counsel listed on following page)

LODGED
CLERK, U.S. DISTRICT COURT
NOV 2 9 2006
CENTRAL DISTRICT OF CALIFORNIA DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

JOHN IDRISS RASHEED, A# 75-657-846,

Plaintiff-Petitioner,

vs.

ALBERTO GONZALES, United States Attorney General; MICHAEL CHERTOFF, Secretary, Department of Homeland Security; JULIE L. MYERS, Assistant Secretary, United States Immigration and Customs Enforcement; NORMA BONALES-GARIBAY, Field Office Director U.S. Immigration and Customs Enforcement; GEORGE MOLINAR, Chief of Detention and Removal Operations, San Pedro Detention Facility; STUART CORTEZ, Officer-In-Charge, San Pedro Detention Facility,

Defendant-Respondents.

Case No.: CV06-7449 CJC(CT)

~~[PROPOSED]~~ ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION

ENTERED
CLERK, U.S. DISTRICT COURT
JAN - 8 2007
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

13

Additional counsel:

JUDY RABINOVITZ*
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2618
Facsimile: (212) 549-2654

CECILLIA D. WANG (CSB #187782)
MONICA M. RAMIREZ (CSB #234893)**
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0775
Facsimile: (415) 395-0950

JAYASHRI SRIKANTIAH (CSB #189566)
STANFORD LAW SCHOOL IMMIGRANTS' RIGHTS CLINIC
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
Telephone: (650) 724-2442
Facsimile: (650) 723-4426

*Application for admission *pro hac vice* forthcoming
**Pending admission to Central District of California

SCANNED

# [~~PROPOSED~~] ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION

The Court finds that Petitioner has demonstrated a substantial likelihood of success on the merits, that he will suffer irreparable injury in the absence of a preliminary injunction, and that the balance of hardship tips sharply in his favor. Therefore, this Court hereby ORDERS that the Defendant-Respondents and their employees, assigns, and all those acting in concert with them are preliminarily enjoined as follows:

_____ Petitioner must be immediately released on reasonable conditions of supervision, including electronic monitoring if necessary.

OR, in the alternative:

_X_ Petitioner must be ~~released~~ within thirty days ~~unless he is~~ afforded an individual hearing before an immigration judge concerning whether his prolonged detention is justified. At the hearing, the immigration judge shall order Petitioner released on reasonable conditions unless the government shows by clear and convincing evidence that Petitioner presents a sufficient danger or risk of flight to justify his detention in light of how long he has been detained already and the

///

///

///

likelihood of his case being finally resolved in favor of the government in the reasonably foreseeable future.

SCANNED

IT IS SO ORDERED.

Dated: ~~November __, 2006~~ 1/3/07

By: ______________________
United States District Judge

UNITED STATES DISTRICT COURT

ORIGINAL

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEUK FUNG YON, [A35-747-485] | ) Case No. TBA |
| Plaintiff, | ) '08 CV 0007 LAB WMc |
| vs. | ) PROOF OF SERVICE |
| MICHAEL CHERTOFF, et al., | ) |
| Defendant. | ) |

I, the undersigned, say:

1) That I am over eighteen years of age, a resident of the County of San Diego, State of California, and not a party in the within action;

2) That my business address is 225 Broadway, Suite 900, San Diego, California, 92101;

3) That I served the within **CIVIL COVER SHEET, PETITION FOR WRIT OF HABEAS CORPUS, NOTICE OF MOTION AND MOTION TO PROCEED IN FORMA PAUPERIS, NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF COUNSEL, AND DECLARATION OF JANET C. TUNG IN SUPPORT OF PETITIONER'S MOTIONS,** placing a true copy of the above-mentioned document in the United States mail on January 2, 2008, to:

KAREN P. HEWITT, U.S. ATTORNEY
ATTN: Civil Processing Clerk
880 Front Street
San Diego, CA 92101

I certify under the laws of the State of California that the foregoing is true and correct.

Executed on 2 January 2008 at San Diego, California.

SYLVIA ENRIQUEZ

ORIGINAL

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED 08 JAN -3 AM 11:34

'08 CV 0007 LAB WMC

**I. (a) PLAINTIFFS** CHEUK FUNG YONG

ICE EL CENTRO DETENTION CENTER

1115 N IMPERIAL AVE, EL CENTRO, CA 92243

(b) County of Residence of First Listed Plaintiff IMPERIAL COUNTY

(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**

MICHAEL CHERTOFF, ET AL

County of Residence of First Listed Defendant

(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

SOUTHERN DISTRICT OF CALIFORNIA

BY: DEPUTY

(c) Attorney's (Firm Name, Address, and Telephone Number)

PRO SE

Attorneys (If Known) (619) 557-5662

KAREN P. HEWITT, U.S. ATTY

ATTN: CIVIL PROCESS CLERK

880 FRONT STREET, SAN DIEGO, CA 92101

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury—Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus:
- ☒ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. § 2241

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $ CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE 11-8-07 SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE