CHEUK FUNG YONG
A35-747-485
ICE El Centro Detention Center
1115 N. Imperial Ave.
El Centro, CA 92243

FILED

08 JAN -3 AM 11:47

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEUK FUNG YONG,<br>[A35-747-485]<br><br>                    Petitioner,<br><br>v.<br><br>MICHAEL CHERTOFF, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, MICHAEL MUKASEY, ATTORNEY GENERAL, ROBIN F. BAKER, DIRECTOR OF SAN DIEGO FIELD OFFICE, BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT, JOEL MATA, OFFICER-IN-CHARGE,<br><br>                    Respondents. | Civil Action No.<br><br>'08 CV 0007 LAB WMc<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S MOTION |

## I.

## STATEMENT OF FACTS

The petitioner has been ordered removed from the United States by the respondents. However, his order of removal is subject to substantive, ongoing challenges on appeal, and the Ninth Circuit has issued a stay of removal. Consequently, petitioner has endured prolonged detention lasting sixteen months while he awaits the outcome of his case. He is therefore seeking an order for his release from respondents'

1  custody, authorized by recent Ninth Circuit case law.

2  Petitioner, a native of Hong Kong, and a lawful permanent resident of the United States since 1978, entered the custody of Respondents on August 7, 2006. Petitioner has remained in the continuous custody of Respondents for sixteen months to date. He has been detained at the ICE El Centro Detention Center.

Petitioner was ordered removed from the United States by an immigration judge (IJ) on October 25, 2006, appealed to the Board of Immigration Appeals (BIA) and lost on January 24, 2007, and has appealed that decision to the Ninth Circuit Court of Appeals (Case No. 07-70619). The Ninth Circuit entered a temporary stay of removal under General Order 6.4(c)(1)(3) on February 15, 2007, and set a May 10, 2007, deadline for the government to respond to the motion for stay. On June 5, 2007, due to Respondent's failure to file a timely response to the motion for stay, the Court ordered the temporary stay of removal to remain in effect. The Ninth Circuit also granted Petitioner's motion for appointment of counsel, and set a briefing schedule. The schedule ordered that petitioner's opening brief be filed by October 15, 2007, and that the answering brief be filed by November 14, 2007. Pursuant to Petitioner's request, the opening brief is now due on January 18, 2008. Briefing is not likely to be completed for at least a few months, and there is likewise no date certain is set for either submission or decision of Petitioner's Ninth Circuit case. Petitioner is represented pro bono in his underlying immigration case by Kathryn Davis, Esq., of the Law Offices of Kathryn Davis.

In his currently pending Ninth Circuit case, Petitioner is appealing the legal basis and evidentiary sufficiency for the removal decision and denial of relief, and challenging the procedural integrity of the immigration proceeding. Petitioner appeared *pro se* before the immigration court and the BIA, and was deemed ineligible for relief on the basis of insufficient and improper evidence, including extrinsic evidence of an alleged conviction of an aggravated felony, of which he lacked adequate notice.

Petitioner has remained detained in Respondents' custody for 16 months to date, despite his efforts to seek release pending the resolution of his immigration case. Petitioner was most recently denied release on or about May 7, 2007. Respondents issued a Decision to Continue Detention on that date, which denied release on the grounds that Petitioner "ha[s] failed to demonstrate that [he] will not pose a flight risk." See Exhibit A, attached to the Petition. Without explaining the legal basis for its conclusion, or acknowledging that the Ninth Circuit deemed Petitioner's appeal substantial enough to appoint pro bono

1  simply asserted that: "[B]ased on the facts presented in your case, it is only a matter of time before [the
2  Ninth Circuit] render[s] a decision in favor of the Agency." See id. It is unknown what information, if any,
3  Respondents' apparent clairvoyance is founded upon. The decision identified no other basis for continued
4  detention, and nowhere claims that Petitioner is a danger to the community. See id. Due to the Ninth
5  Circuit's stay, there is no final order of removal against Petitioner in effect at this time. Unless this petition
6  is granted, Petitioner's detention will be unlawfully prolonged for months.

7  Meanwhile, respondents continue to hold petitioner in custody, and his substantive due process right
8  to liberty is improperly denied. Since petitioner's appeal raises substantive arguments challenging his order
9  of deportation which could result in remand to seek cancellation of removal and humanitarian relief under
10 the Convention Against Torture, continued indefinite detention while the review process takes its course is
11 not warranted under the recent decisions in Tijani v. Willis, 430 F.3d 1241 (9th Cir. 2005), and Nadarajah
12 v. Gonzales, 443 F.3d 1069 (9th Cir. 2006), which held that due process requires that civil detainees in
13 petitioner's situation are entitled to release from immigration custody during the pendency of their appeals.
14 Accordingly, petitioner has a meritorious claim for relief under § 2241 for release from detention by
15 respondents.

16 The petitioner has **no funds** in his account at the El Centro Detention Center. See Prison Certificate,
17 Form CIV-67, filed concurrently herewith as attachment to Motion to Proceed In Forma Pauperis. Since
18 he is in custody, he does not have a source of income or employment. As a result, he cannot afford to retain
19 counsel.

20 Additionally, petitioner has had limited formal education or training in the United States, legal or
21 otherwise. See Declaration of Janet Tung in Support of the Petitioner's Motion, ¶¶ 15-16. The Ninth Circuit
22 recognized Petitioner's need for pro bono counsel by granting his motion for appointment of counsel in his
23 underlying immigration case on June 5, 2007. Accordingly, the petitioner requests that this Court appoint
24 the Federal Defenders of San Diego, Inc., to represent him in the instant habeas action. That office stands
25 ready and able to assist the petitioner in this petition. See id. ¶¶ 3-6.

26                                              II.

27                                          **ARGUMENT**

28              **THIS COURT SHOULD APPOINT COUNSEL FOR THE PETITIONER.**

1  assumption that the period of detention would be "brief," only that "necessary for his removal proceedings,"
2  which the Supreme Court estimated as roughly six weeks in duration on average, or five months if further
3  review is sought. See id.; see Kim, 538 U.S. at 522-23, 530. As Tijani's detention while awaiting outcome
4  of his appeals far exceeded these estimates of the constitutionally permitted "brief period" of detention, he
5  was entitled to release proceedings under the Zadvydas principles. See id. Thus, Tijani was entitled to
6  release on habeas corpus unless the government proved at a hearing before an immigration judge that the
7  petitioner was a flight risk or danger to the community. See id.

8  In Nadarajah, the Ninth Circuit considered an indefinite detainee held under suspicion of terrorist
9  affiliation. Nadarajah challenged his detention and was pursuing a claim for asylum, but the government
10 relied on the silence of the asylum detention statute to detain Nadarajah while this litigation proceeded. See
11 443 F.3d at 1076-78. However, the Court held that the asylum detention statute was equally subject to the
12 strictures of Zadvydas. See id. at 1082. Moreover, the Court held the principles of Fed. R. App. Proc. 23(b),
13 allowing release on bail pending appeal, apply to such immigration detentions. Id. at 1083. The usual
14 standards operate in such cases: (1) probability of success on merits and irreparable harm; or (2) serious legal
15 question and a balance of the hardships. Id. Moreover, the showing of probable success correspondingly
16 lessens as the length of detention increases. Id. at 1083-84. In Nadarajah, the Court found the lengthy
17 detention was a great hardship that accordingly reduced the required showing of likelihood of success. Id.

18 Petitioner's case compares favorably with the fact situations in Tijani and Nadarajah, and therefore
19 he is equally entitled to consideration for release. He has never conceded removal, but has instead
20 consistently appealed to the BIA and the Ninth Circuit. He has been detained in the custody of respondents
21 in his current detention since August 2006, for sixteen months. Unless this petition is granted, he is likely
22 to remain in custody for many months to follow, pending the completion of briefing in the Ninth Circuit,
23 oral argument and decision by that Court, and substantial additional time should his case be remanded to
24 the immigration court. Like Tijani, petitioner can point to substantial arguments regarding his deportation
25 proceeding. His petition for review in the Ninth Circuit challenges the procedural inadequacy of his removal
26 hearing, at which he appeared *pro se*, as well as the legal basis for the immigration judge's finding that he
27 was ineligible for cancellation of removal on the basis of extrinsic evidence of an alleged aggravated felony
28 conviction in 2000, uncharged in the Notice to Appear ("NTA"), of which he was provided inadequate

notice. Petitioner's case raises questions of due process and other matters of federal statutory and constitutional law. Petitioner is being assisted in the underlying immigration appeal in the Ninth Circuit by appointed pro bono counsel. Briefing in the Ninth Circuit case has not been completed, and is not likely to be completed for a number of months. The Ninth Circuit's appointment of pro bono counsel and the government's decision not to oppose Petitioner's stay of removal are evidence of the substantive nature of Petitioner's legal challenges and proof that his appeal is not a frivolous device to delay deportation. Moreover, the fact that Petitioner is engaged in active pursuit of relief *while in custody*, instead of accepting deportation and immediate freedom from confinement, is further evidence of the substance of his claims. Cf. United States v. Ahumada-Aguilar, 295 F.3d 943, 955 (9th Cir. 2002) (Kleinfeld, J., dissenting) (commenting that "a bus ride out of the United States to immediate freedom is a lot better than sitting for weeks or months in detention pending deportation proceedings").

Balancing the factors identified in case law for release of detainees while legal challenges are pending, petitioner is entitled to release at least as much as the petitioners in Tijani and Nadarajah. He is therefore highly likely to succeed on the merits of his claims, which supports appointment of counsel.

**B.     The Petitioner Cannot Adequately Articulate His Claims in the Absence of Counsel, in Light of the Complexity of the Legal Issues Involved in His Petition for Habeas Relief.**

To weigh the petitioner's ability to articulate his claims in the absence of counsel, a court must measure "the [petitioner]'s ability to articulate his claims against the relative complexity of the matter." Rand, 113 F.3d at 1525. In addition, counsel may be appointed during federal habeas proceedings if the appointment of an attorney is "necessary for the effective utilization of discovery procedures,...[or] if an evidentiary hearing is required." Weygandt, 718 F.2d at 954 (other internal citations omitted).[2]

As is indicated above, the instant case involves complex legal issues grounded in constitutional law, statutory interpretation, principles of jurisdiction, and administrative procedure. The relief established by Tijani and Nadarajah stem from substantive due process principles articulated in Zadvydas and subsequent Supreme Court cases. Although the trend in these cases is clear, the Ninth Circuit's application of Zadvydas

---

[2] The Federal Defenders of San Diego, Inc. drafted the instant pleading, as well as the petition for a writ of habeas corpus. Thus, this Court cannot conclude, based upon these pleadings, that the petitioner has a firm grasp of the legal and factual issues involved in federal habeas proceedings.

6

1  and progeny to the case of detainees with substantive appeals is a recent development in this Circuit's case
2  law. Precise articulation of the issues involved and the proper contours of relief in individual cases requires
3  a thorough understanding of the cases and the historical development of this area of law. In short, it requires
4  the knowledge and advocacy skills of a legal professional for proper presentation to this Court.

5      Since the petitioner is in the custody of federal immigration officials, moreover, an analysis of
6  immigration law is required. The Ninth Circuit has declared that "'[w]ith only a small degree of hyperbole,
7  the immigration laws have been deemed second only to the Internal Revenue Code in complexity.'"
8  Ahumada-Aguilar, 295 F.3d at 950 (citations and internal quotations omitted). In most cases involving an
9  immigration law, "[a] lawyer is often the only person who could thread the labyrinth.'" Id. The absence
10 of counsel during immigration proceedings will be prejudicial when an attorney could have assisted a litigant
11 in seeking relief under applicable immigration laws, statutes, and cases. Id. at 951-52 (prohibiting the use
12 of a deportation order during a subsequent prosecution for illegal re-entry because the absence of counsel
13 affected the alien's ability to ascertain his eligibility for a waiver of deportation, the viability of a claim of
14 United States citizenship, and his ability to obtain "special permission" to return to the United States after
15 his deportation).

16     The petitioner's lack of expertise in legal issues warrants the appointment of counsel. The petitioner
17 arrived in the United States when he was nine years old. He attended high school in the United States,
18 graduating from San Gabriel High School in San Gabriel, California in 1987, attended Cal State Fullerton
19 for three years, but has not received any advanced degrees or legal training in this country or any other. See
20 Declaration of Janet Tung, ¶¶ 15-16. The absence of any formal legal background or training poses an
21 obstacle to the petitioner's understanding of the issues involved in the instant proceedings, and warrants the
22 appointment of counsel to help him obtain the relief requested in his habeas petition. See Declaration of
23 Janet Tung, ¶ 16.

24     Additionally, the appointment of counsel may be appropriate during federal habeas proceedings if
25 it is "necessary for the effective utilization of discovery procedures,...[or] if an evidentiary hearing is
26 required." Weygandt, 718 F.2d at 954. The respondents have information and documents relevant to the
27 petitioner's habeas petition, including information relating to his criminal history, his bail or parole history,
28 his institutional history, the content of communications between federal immigration officials and the

embassy of the petitioner's native country, and other documents relating to his detention by the Bureau of Immigration and Customs Enforcement.

The petitioner cannot effectively pursue and obtain discovery from respondents that he will need to adequately present his claims and suitability for relief without the assistance of counsel, in light of his limited education and lack of familiarity with the legal procedures involved in requesting and obtaining discovery. Moreover, the petitioner cannot adequately review and evaluate his alien registration file (hereinafter "A-file") or evaluate relevant discovery regarding the likelihood of his removal from the United States without the aid of counsel. The need for discovery, too, suggests the need for the appointment of the Federal Defenders of San Diego, Inc. in the instant matter.

**C.     The Potential Need for an Evidentiary Hearing Warrants the Appointment of Counsel.**

Both parties may be required to present argument and evidence regarding suitability for release, and the appropriateness of specific conditions of release may be disputed. A presentation of evidence before this Court, or subsequently to an immigration judge, may be needed should the Court grant the petition conditioned on additional showings. Therefore, assistance of counsel may be necessary to litigate disputed issues of fact. See Lawson v. Borg, 60 F.3d 608, 611 (9th Cir. 1995) (requiring an evidentiary hearing to litigate contested issues of fact during federal habeas proceedings); see also Weygandt, 718 F.2d at 954 (noting that the appointment of counsel may be appropriate during federal habeas proceedings "if an evidentiary hearing is required"). The petitioner lacks a sufficient legal background to advocate for himself during a contested release hearing. See Declaration of Janet Tung, ¶¶ 15-16. The appointment of counsel is necessary to ensure that the petitioner's rights are adequately protected in contested habeas proceedings.

**D.     The Prison Litigation Reform Act, 28 U.S.C. § 1915, Does Not Require the Petitioner to Pay Filing Fees to Proceed with His Request for Federal Habeas Relief.**

The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, ordinarily requires a prisoner who "brings a civil action or files an appeal in forma pauperis" to "pay the full amount of a filing fee" and to cover subsequent court fees incurred during the litigation of the inmate's claim. 28 U.S.C. § 1915(b). In Naddi v. Hill, however, the Ninth Circuit concluded that "[a] review of the language and intent of the PLRA reveals that Congress was focused on prisoner civil rights and conditions cases, and did not intend to include habeas proceedings in the scope of the Act." 106 F.3d 275, 277 (9th Cir. 1997). Consequently, the Ninth

1  Circuit declined to apply the *in forma pauperis* provisions of the PLRA to habeas petitioners, and to thereby
2  require habeas petitioners to pay full filing fees and court costs.
3        The petitioner in the instant case is filing a petition for a writ of habeas corpus under 28 U.S.C.
4  § 2241, along with the instant motion. Since the petitioner is not filing another civil action for relief from
5  the conditions of confinement, such as a civil suit under 42 U.S.C. § 1983, he is not required to pay the full
6  amount and filing fees and court costs to pursue habeas relief. Therefore, this Court cannot dismiss his
7  petition for relief, or otherwise penalize the petitioner, for his failure to pay the full amount of filing fees
8  specified in 28 U.S.C. § 1915.

### CONCLUSION

For the foregoing reasons, the petitioner respectfully requests that this Court grant the motion for appointment of counsel in this habeas corpus action.

Respectfully submitted,

Dated: 11-29-07

*[signature]*
CHEUK FUNG YONG
Petitioner