# APPENDIX A

**U.S. Department of Justice**
Executive Office for Immigration Review
United States Immigration Court


Matter of                                              File A 35 747 485


|                          |   )   |                        |
|                          |   )   |                        |
| CHEUK FUNG YONG          |   )   | In REMOVAL Proceedings |
|                          |   )   |                        |
|                          |   )   |                        |
|             Respondent   |   )   | Transcript of Hearing  |


Before DENNIS R. JAMES, Immigration Judge


Date:  July 27, 2006                    Place:  Imperial, California


Transcribed by FREE STATE REPORTING, INC., at Annapolis, Maryland


Official Interpreter:

Language:  Spanish


Appearances:

        For the Department of
        Homeland Security:            For the Respondent:

        Debra Robinson               Pro se

1  JUDGE TO COURT CLERK

2      Okay.  We're going to need to adjust this camera in here so

3  we could deal with that.

4  JUDGE TO MR. YONG

5      Q.  Sir, is your true name Cheuk Fung Yong?

6      A.  Yes, sir.

7  JUDGE FOR THE RECORD

8      35 747 485.

9  JUDGE TO MR. YONG

10     Q.  Did you receive a copy of the Notice to Appear?

11     A.  Yes, I did, sir.

12     Q.  Okay.

13 JUDGE FOR THE RECORD

14     Let me just check something here for a moment.

15 JUDGE TO OFFICER

16     Gentlemen, do we have a microphone out for the counsel

17 table?  I think --

18 OFFICER TO JUDGE

19     Okay.

20 JUDGE TO MR. YONG

21     Q.  Mr. Yong, did you receive a copy of that Notice to

22 Appear?

23     A.  Yes, sir.

24 JUDGE FOR THE RECORD

25     Okay.  That's much better.

1   JUDGE TO MR. YONG

2       Q.    And do you understand why you're in Court today and the

3   purpose of the hearing?

4       A.    Yes.

5       Q.    Understand the rights you have in this proceeding?

6       A.    Yes.

7       Q.    In your case, the Government alleges you're not a

8   citizen or a national of the United States, that you're a native

9   and citizen of China and that you've been a lawful permanent

10  resident since July 5th, 1978 when you immigrated to New York,

11  New York.  They allege you were convicted September 21st, 2005,

12  in the Superior Court of California, County of Orange, for the

13  offense of sale or transportation of a controlled substance in

14  violation of Section 11379(a) of the California Health and Safety

15  Code, and that you were sentenced to offense for a period of two

16  years confinement.  Do you understand those allegations?

17      A.    Yes, sir.

18      Q.    The Government alleges if that's all true, you're

19  subject to removal because after your admission, you've been

20  convicted of a violation of law relating to a controlled

21  substance, and that after your admission you've been convicted of

22  an offense relating to the illicit trafficking of a controlled

23  substance that meets the definition of an aggravated felony.  Do

24  you understand that?

25      A.    Yes, sir.

A 35 747 485                        11                      July 27, 2006

1     Q.    What's your scheduled release date?

2     A.    August 5th.

3     Q.    Okay.   I can postpone your case until August 16th or

4  August 23rd at the Federal Detention Center in El Centro at

5  8:30 in the morning, whichever one of those dates you think

6  will give you enough time to hire an attorney.   Which date do

7  you prefer?

8     A.    What are the dates, sir, again?

9     Q.    August 16th or August 23rd.

10    A.    August 16th.

11    Q.    Very well.   Okay, sir.   We'll postpone your case until

12  August 16th, 2006, at 8:30 at the Immigration Court at the

13  Federal Detention Center in El Centro and that will give you some

14  time to hire an attorney.   Thank you very much.

15    A.    (Indiscernible), sir?

16    Q.    Yes, sir.

17    A.    I'd like to ask for bail.

18    Q.    You're not entitled to a bond while you're in State

19  custody.   So what you should do is talk to your attorney about

20  that.   If he want to schedule you for a bond hearing, then he can

21  do that.

22    A.    Okay.

23    Q.    Okay?

24    A.    Thank you.

25    Q.    Thank you very much.

# APPENDIX B

**U.S. Department of Justice**
Executive Office for Immigration Review
United States Immigration Court


Matter of                                    .                    File A 35 747 485



                                    )
                                    .)
CHEUK FUNG YONG                     )      In REMOVAL Proceedings
                                    )
                                    )
                    Respondent      )          Transcript of Hearing


Before DENNIS R. JAMES, Immigration Judge


Date:  August 16, 2006            Place:  El Centro, California



Transcribed by FREE STATE REPORTING, INC., at Annapolis, Maryland



Official Interpreter:


Language:



Appearances:

     For the Department of
     Homeland Security:           For the Respondent:

     Anthony Cacavio              Pro se

1   (TAPE 3 marked 1 of 2)

2   JUDGE FOR THE RECORD

3       This is Immigration Judge Dennis R. James.  I'm on the

4   record today August 16th, 2006.  The Court's sitting in El

5   Centro, California, calling the matter of Mr. Cheuk Fung Yong, Y

6   O N G, 35 747 485.  He's present in Court today without counsel.

7   The Government's represented by their attorney, Mr. Anthony

8   Cacavio.

9   JUDGE TO MR. YONG

10      Q.   Sir, we had postponed your case to give you some time

11  to hire an attorney.  Have you been able to do that?

12      A.   No, sir.

13      Q.   Do you need some more time to make those arrangements?

14      A.   Yes.  Just a little more.

15      Q.   Okay.  If I set your case till September 6th, will that

16  give you enough time?

17      A.   Yes.

18      Q.   Okay.  September 6, 2006, at 8:30.  Thank you.

19      A.   Thank you.

20                        HEARING CONTINUED

21

22

23

24

25

A 35 747 485                     82                    August 16, 2006

# APPENDIX C

**U.S. Department of Justice**
Executive Office for Immigration Review
United States Immigration Court

Matter of                                     File A 35 747 485

```
                               )
                               )
CHEUK FUNG YONG                )    In REMOVAL Proceedings
                               )
                               )
              Respondent       )        Transcript of Hearing
```

Before DENNIS R. JAMES, Immigration Judge

Date:  September 6, 2006          Place:  El Centro, California

Transcribed by FREE STATE REPORTING, INC., at Annapolis, Maryland

Official Interpreter:

Language:

Appearances:

    For the Department of
    Homeland Security:              For the Respondent:

    John Yap                        Pro se

1  (TAPE 4 marked 2 of 2)

2  JUDGE FOR THE RECORD

3       This is Immigration Judge Dennis R. James.  I'm on the

4  record.  Today is September 6, 2006.  The Court is sitting in El

5  Centro, California, calling the matter of Mr. Cheuk Fung Yong,

6  35 747 485.  He's present in Court today, not represented by

7  counsel.  The Government's represented by their attorney,

8  Mr. John Yap.

9  JUDGE TO MR. YONG

10      Q.   Sir, we postponed your case to give you a chance to

11  hire an attorney.  Have you been able to do that?

12      A.   No, sir.

13      Q.   Do you need some more time to make those arrangements?

14      A.   Yes, sir.

15      Q.   Okay.  How much time do you need?

16      A.   Three weeks?

17      Q.   Okay.  I'll postpone your case until September 27th,

18  2006, at 8:30 to give you some time to hire an attorney.  If you

19  don't have an attorney with you at the next hearing, you will

20  have to go forward at that hearing representing yourself,

21  speaking on your own behalf.  Understand?

22      A.   Yes, sir.

23      Q.   Very well.  Okay, sir.  September 27th, 2006, at 8:30.

24  Thank you.

25                         HEARING CONTINUED

A 35 747 485                      83                   September 6, 2006

# APPENDIX D

**U.S. Department of Justice**
Executive Office for Immigration Review
United States Immigration Court


Matter of                                               File A 35 747 485



                                    )
                                    )
CHEUK FUNG YONG                     )    In REMOVAL Proceedings
                                    )
                                    )
            Respondent              )        Transcript of Hearing


Before DENNIS R. JAMES, Immigration Judge


Date: September 27, 2006          Place:  El Centro, California



Transcribed by FREE STATE REPORTING, INC., at Annapolis, Maryland



Official Interpreter:


Language:



Appearances:

        For the Department of
        Homeland Security:          For the Respondent:

        Jeffrey Lindblad            Pro se

1  JUDGE FOR THE RECORD

2      This is Immigration Judge Dennis R. James.  I'm on the

3  record today, September 27th, 2006.  The Court is sitting in El

4  Centro, California.  Calling the matter of Cheuk Fung Yong,

5  35 747 485.  He's present in Court today without counsel.  The

6  Government's represented by their attorney, Mr. Jeffrey Lindblad.

7  JUDGE TO MR. YONG

8      Q.  Sir, did you have a chance to hire an attorney?

9      A.  My family was in charge of that and we weren't able to

10  retain anybody.

11      Q.  Okay.  Do you need some more time to work out those

12  arrangements or what do you want to do?  Have you tried to

13  contact the attorneys on the list of free legal services?

14      A.  No, I haven't.

15      Q.  You want some time to do that, see if any of them will

16  help you out for a reduced cost or for free?

17      A.  Okay.

18      Q.  Okay.  I'd like to set your case for October 25th.

19  That's a long ways away, but my calendar on October 4th is just

20  packed.  And that's the first available date after October 4th

21  I'm available.  Is that okay with you?

22      A.  Yes.

23      Q.  Okay.  Okay.  So that will be October 25th, 2006, at 8

24  o'clock.  Give you a chance to see if you can find an attorney

25  that will help you out.  Hopefully he will and be ready to go

A 35 747 485                    84              September 27, 2006

```
1   with your case that day.   Thank you.

2        A.    Thank you.

3                        HEARING CONTINUED

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

# APPENDIX E

**U.S. Department of Justice**
Executive Office for Immigration Review
United States Immigration Court

Matter of                                         File A 35 747 485

|                        |   |                      |
|------------------------|---|----------------------|
|                        | ) |                      |
|                        | ) |                      |
| CHEUK FUNG YONG        | ) | In REMOVAL Proceedings |
|                        | ) |                      |
|                        | ) |                      |
| Respondent             | ) | Transcript of Hearing |

Before DENNIS R. JAMES, Immigration Judge

Date: October 25, 2006          Place:  El Centro, California

Transcribed by FREE STATE REPORTING, INC., at Annapolis, Maryland

Official Interpreter:

Language:

Appearances:

    For the Department of
    Homeland Security:            For the Respondent:

    William Hollerich              Pro se

1   JUDGE FOR THE RECORD

2       This is Immigration Judge Dennis R. James.  I'm on the

3   record today, October 25th, 2006.  The Court's sitting in El

4   Centro, California, calling the matter of Mr. Cheuk Fung Yong,

5   35 747 485.  He's present in Court today without counsel.  The

6   Government is represented by their attorney, Mr. William

7   Hollerich (phonetic sp.), Assistant Chief Counsel.

8   JUDGE TO MR. YONG

9       Q.   Sir, have you had any luck hiring an attorney?

10      A.   I decide to waive my right to attorney and speak on my

11  own behalf.

12      Q.   Okay.  You can do that.  What we'll do is we'll take a

13  pleading today, figure out what the issues are going to be in

14  your case.  Are you a citizen or a national of the United States?

15      A.   No.

16      Q.   Are you a native and citizen of the People's Republic

17  of China?

18      A.   I'm a citizen of Hong Kong, sir.

19      Q.   Okay.  That's now People's Republic of China.  Correct?

20      A.   Yes.

21      Q.   Were you born in Hong Kong?

22      A.   Yes, sir.

23      Q.   Okay.  Did you ever acquire any British citizenship?

24      A.   British national, overseas.

25      Q.   Do you have any document or proof of that?

# APPENDIX F

0

*El Centro Trial Attorney*

*JAN 0 3 2007*

# UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
## BOARD OF IMMIGRATION APPEALS
## FALLS CHURCH, VIRGINIA

| | | |
|---|---|---|
| In the Matter of: | ) | Case No: A 35-747-485 |
| | ) | |
| S-Yong, Cheuk Fung | ) | |
| | ) | **Respondent Request / Motion For** |
| A 35-747-485 | ) | **Extension of Briefing Schedule** |
| | ) | |
| Respondent | ) | |
| | ) | In Removal Proceedings |
| | ) | |

I, S-Yong, Cheuk Fung the respondent, hereby timely submit this request/motion for an extension to his briefing schedule deadline, which is currently due January 05, 2007.

Respondent received his briefing schedule and transcripts, on December 18, 2006. Respondent in pro se needs some additional time to research and the supporting documents for his appeal on the issues of aggravated felony and relief of cancellation of removal.

Respondent respectfully request that the Board grant him a 30-day extension until February 05, 2007. To provide a full and detailed brief.

0

Prepared by fellow Detainee
_____

Dated: December 26, 2006

Respectfully Submitted,

_Cheuk Fung_
_____
S-Yong, Cheuk Fung
Respondent in pro se

# APPENDIX G

Court    Case                                                      Billing
Home    Search    Calendar    Opinions    Orders/Judgments    History    XML    TXT    Logout    Help

**General Docket**
**United States Court of Appeals for the Ninth Circuit**

| | |
|---|---|
| **Court of Appeals Docket #:** 07-70619 | **Docketed:** 02/15/2007 |
| S-Yong, et al v. Mukasey | |
| **Appeal From:** Immigration & Naturalization Service | |

**Case Type Information:**
   1) agency
   2) review
   3) San Diego District Court

**Originating Court Information:**
   **District:** INS-1 : A35-747-485
   **Date Filed:** 02/15/2007

**Prior Cases:**
   None

**Current Cases:**
   None

| | |
|---|---|
| **Panel Assignment:** | Not available |

---

| | |
|---|---|
| Cheuk Fung S-Yong<br>       Petitioner | Cheuk Fung S-Yong<br>[COR LD NTC Pro Se]<br>ICE DETENTION CENTER<br>A35-747-485<br>1115 N. Imperial Ave.<br>El Centro, CA 92243-0000 |
| v. | |
| Michael B. Mukasey, Attorney General<br>       Respondent | CAS-District Counsel, Esq.<br>[COR NTC Government]<br>OFFICE OF THE DISTRICT COUNSEL<br>Department of Homeland Security<br>Suite 1234<br>880 Front Street<br>San Diego, CA 92101-8897<br><br>Ronald E. LeFevre, Esq.<br>[COR NTC Government]<br>OFFICE OF THE DISTRICT COUNSEL<br>Department of Homeland Security<br>P.O. Box 26449<br>San Francisco, CA 94126-6449<br><br>OIL, Esq.<br>[COR NTC Government] |

DOJ - U.S. DEPARTMENT OF JUSTICE
Civil Div./Office of Immigration Lit.
P.O. Box 878, Benjamin Franklin Station
Washington, DC 20044-0000

Cheuk Fung S-Yong,

       Petitioner

v.

Michael B. Mukasey, Attorney General,

       Respondent

| | | |
|---|---|---|
| 02/15/2007 | 1 | FILED (PROSE) INS Petition for REVIEW and Motion for Stay. Docketed Cause and Entered Appearance of Counsel. Pursuant to G.O. 6.4(c)(1)(3) A TEMPORARY STAY OF REMOVAL IS IN EFFECT pending further order. The schedule is set as follows: Pursuant to G.O. 6.4(c)(1)(3), the schedule is set as follows: Cert. Admin. Record due 4/12/07 Response to motion for stay due 5/10/07 for Alberto R. Gonzales (MOATT) [07-70619] |
| 02/15/2007 | 2 | Filed Petitioner Cheuk Fung S-Yong's motion to stay deportation. Served on 2/8/07. (MOATT) [07-70619] |
| 02/15/2007 | 3 | Filed Petitioner Cheuk Fung S-Yong's motion to proceed in forma pauperis. Served on 2/8/07. (MOATT) [07-70619] |
| 02/15/2007 | 4 | Filed Petitioner Cheuk Fung S-Yong's motion requesting appointment of counsel of record. Served on 2/8/07. (MOATT) [07-70619] |
| 02/15/2007 | 5 | Detained: Yes [07-70619] |
| 03/13/2007 | 6 | Electronic Certified Administrative Record Filed. CD-ROMS: 1 [07-70619] |
| 06/05/2007 | 7 | Filed order (Appellate Commissioner) the motion to proceed IFP is granted. The absence of a timely response to the stay motion is construed as a statement of non-opps. The temp stay continues in effect. Upon review the court has determined the appointment of pro bono counsel would benefit review. The motion for appt counsel is granted. The petition is stayed. The Clerk shall enter an order appointing pro bono counsel. [6092552-1] (MOATT) [07-70619] |
| 08/01/2007 | 12 | Filed order (Deputy Clerk: JR) pursuant to the Court's 06/05/07 order appointing counsel for petitioner, Kathryn Davis is hereby appointed to represent petitioner. If petitioner does not object to this order within 14 days the Clerk shall amend the record to reflect that Kathyrn Davis is counsel for this appeal. The aob is due 10/15/07; respondent's brief is due 11/14/07 and petitioner's optional reply brief is due 11/28/07. [07-70619] |
| 10/10/2007 | 13 | Received (untimely) Petitioner's motion to extend time to file petitioner's opening brief until 11/14/07; served on 10/09/07. (PROSE) [07-70619] [6312531] [07-70619] |
| 10/15/2007 | 15 | Filed order (Deputy Clerk: jac) The October 10, 2007 motion for an extension of time to file the opening brief is granted. The opening brief is now due November 14, 2007; the answering brief is due December 14, 2007; and the optional reply brief is due within 14 days after service of the answering brief. [07-70619] |

| 11/07/2007 | 16 | Filed Petitioner Cheuk Fung S-Yong's motion for extension of time to file petitioner's opening brief until 12/14/07; served on 11/6/07. (PROSE) [07-70619] [07-70619] |
| 11/27/2007 | 18 | Filed order (Deputy Clerk: PROSE/jac) The 11/07/07 motion for a second extension of time to file the opening brief is granted. The opening brief is now due 12/14/07; the answering brief is due 01/14/08; and the optional reply brief is due within 14 days after service of the answering brief. [07-70619] |
| 12/07/2007 | 21 | Filed Petitioner Cheuk Fung S-Yong's motion for extension of time to file petitioner's opening brief until 1/18/07; served on 12/6/07. (to pro bono per PROMO) [07-70619] |
| 12/18/2007 | 23 | Filed order (Deputy Clerk: jac) The December 7, 2007 motion for a third extension of time to file the opening brief is granted. The opening brief is now due January 18, 2008; the answering brief is due February 18, 2008; and the optional reply brief is due within 14 days after service of the answering brief. [07-70619] |
| 01/23/2008 | 25 | Filed Petitioner Cheuk Fung S-Yong's motion for extension of time to file petitioner's opening brief until 2/18/08; served on 1/22/08. (PROSE) [07-70619] [07-70619] |
| 01/28/2008 | 26 | Filed order (Deputy Clerk: jac) The January 23, 2008 motion for a fourth and final extension of time to file the opening brief is granted. Briefing shall proceed as follows: the opening brief is due February 18, 2008; the answering brief is due March 19, 2008l and the optional reply brief is due within 14 days after service of the answering brief. [07-70619] |
| 02/15/2008 | 27 | Filed Petitioner Cheuk Fung S-Yong's motion for extension of time to file petitioner's opening brief until 3/5/08; served on 2/14/08. (PROSE) [07-70619] [07-70619] |
| 02/21/2008 | 28 | Filed order (Deputy Clerk: jac) The February 15, 2008 motion for a fifth extension of time to file the opening brief is granted. Briefing shall proceed as follows: the opening brief is due March 5, 2008; the answering brief is due April 4, 2008; and the optional reply brief is due within 14 days after service of the answering brief. [07-70619] |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/08/2008 09:27:59 | | |
| PACER Login: | us2256 | Client Code: | |
| Description: | Docket Report (full) | Search Criteria: | 07-70619 |
| Billable Pages: | 2 | Cost: | 0.16 |

# APPENDIX H

8 C.F.R. § 1003.2

▷

**Effective: [See Text Amendments]**

Code of Federal Regulations Currentness
  Title 8. Aliens and Nationality
    Chapter V. Executive Office for Immigration
    Review, Department of Justice (Refs & Annos)
      Subchapter A. General Provisions (Refs &
      Annos)
        ⌐▣ Part 1003. Executive Office for Immigration Review (Refs & Annos)
          ⌐▣ Subpart A. Board of Immigration Appeals

        ⇥ **§ 1003.2 Reopening or reconsideration before the Board of Immigration Appeals.**

  <For statute(s) affecting validity, see: 5 USCA § 301; 6 USCA § 521; 8 USCA §§ 1101, 1103, 1154, 1155, 1158, 1182, 1226, 1229, 1229a, 1229b, 1229c, 1231, 1254a, 1255, 1324d, 1330, 1361, 1362; 28 USCA §§ 509, 510, 1746.>

(a) General. The Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision. A request to reopen or reconsider any case in which a decision has been made by the Board, which request is made by the Service, or by the party affected by the decision, must be in the form of a written motion to the Board. The decision to grant or deny a request to reopen or reconsider is within the discretion of the Board, subject to the restrictions of this section. The Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief.

(b) Motion to reconsider.

  (1) A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority. A motion to reconsider a decision rendered by an Immigration Judge or Service officer that is pending when an appeal is filed with the Board, or that is filed subsequent to the filing with the Board of an appeal from the decision sought to be reconsidered, may be deemed a motion to remand the decision for further proceedings before the Immigration Judge or the Service officer from whose decision the appeal was taken. Such motion may be consolidated with, and considered by the Board in connection with the appeal to the Board.

  (2) A motion to reconsider a decision must be filed with the Board within 30 days after the mailing of the Board decision or on or before July 31, 1996, whichever is later. A party may file only one motion to reconsider any given decision and may not seek reconsideration of a decision denying a previous motion to reconsider. In removal proceedings pursuant to section 240 of the Act, an alien may file only one motion to reconsider a decision that the alien is removable from the United States.

  (3) A motion to reconsider based solely on an argument that the case should not have been affirmed without opinion by a single Board Member, or by a three-Member panel, is barred.

(c) Motion to reopen.

  (1) A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material. A motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting documentation. A motion to reopen proceedings shall not be granted unless it appears to the

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

8 C.F.R. § 1003.2

Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing; nor shall any motion to reopen for the purpose of affording the alien an opportunity to apply for any form of discretionary relief be granted if it appears that the alien's right to apply for such relief was fully explained to him or her and an opportunity to apply therefore was afforded at the former hearing, unless the relief is sought on the basis of circumstances that have arisen subsequent to the hearing. Subject to the other requirements and restrictions of this section, and notwithstanding the provisions in § 1001.1(p) of this chapter, a motion to reopen proceedings for consideration or further consideration of an application for relief under section 212(c) of the Act (8 U.S.C. 1182(c)) may be granted if the alien demonstrates that he or she was statutorily eligible for such relief prior to the entry of the administratively final order of deportation.

(2) Except as provided in paragraph (c)(3) of this section, a party may file only one motion to reopen deportation or exclusion proceedings (whether before the Board or the Immigration Judge) and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened, or on or before September 30, 1996, whichever is later. Except as provided in paragraph (c)(3) of this section, an alien may file only one motion to reopen removal proceedings (whether before the Board or the Immigration Judge) and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened.

(3) In removal proceedings pursuant to section 240 of the Act, the time limitation set forth in paragraph (c)(2) of this section shall not apply to a motion to reopen filed pursuant to the pro-

visions of § 1003.23(b)(4)(ii). The time and numerical limitations set forth in paragraph (c)(2) of this section shall not apply to a motion to reopen proceedings:

(i) Filed pursuant to the provisions of § 1003.23(b)(4)(iii)(A)(1) or § 1003.23(b)(4)(iii)(A)(2);

(ii) To apply or reapply for asylum or withholding of deportation based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing;

(iii) Agreed upon by all parties and jointly filed. Notwithstanding such agreement, the parties may contest the issues in a reopened proceeding; or

(iv) Filed by the Service in exclusion or deportation proceedings when the basis of the motion is fraud in the original proceeding or a crime that would support termination of asylum in accordance with § 1208.22(f) of this chapter.

(4) A motion to reopen a decision rendered by an Immigration Judge or Service officer that is pending when an appeal is filed, or that is filed while an appeal is pending before the Board, may be deemed a motion to remand for further proceedings before the Immigration Judge or the Service officer from whose decision the appeal was taken. Such motion may be consolidated with, and considered by the Board in connection with, the appeal to the Board.

(d) Departure, deportation, or removal. A motion to reopen or a motion to reconsider shall not be made by or on behalf of a person who is the subject of exclusion, deportation, or removal proceedings subsequent to his or her departure from the United States. Any departure from the United States, including the deportation or removal of a person who

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

8 C.F.R. § 1003.2

is the subject of exclusion, deportation, or removal proceedings, occurring after the filing of a motion to reopen or a motion to reconsider, shall constitute a withdrawal of such motion.

(e) Judicial proceedings. Motions to reopen or reconsider shall state whether the validity of the exclusion, deportation, or removal order has been or is the subject of any judicial proceeding and, if so, the nature and date thereof, the court in which such proceeding took place or is pending, and its result or status. In any case in which an exclusion, deportation, or removal order is in effect, any motion to reopen or reconsider such order shall include a statement by or on behalf of the moving party declaring whether the subject of the order is also the subject of any pending criminal proceeding under the Act, and, if so, the current status of that proceeding. If a motion to reopen or reconsider seeks discretionary relief, the motion shall include a statement by or on behalf of the moving party declaring whether the alien for whose relief the motion is being filed is subject to any pending criminal prosecution and, if so, the nature and current status of that prosecution.

(f) Stay of deportation. Except where a motion is filed pursuant to the provisions of §§ 1003.23(b)(4)(ii) and 1003.23(b)(4)(iii)(A), the filing of a motion to reopen or a motion to reconsider shall not stay the execution of any decision made in the case. Execution of such decision shall proceed unless a stay of execution is specifically granted by the Board, the Immigration Judge, or an authorized officer of the Service.

(g) Filing procedures--

(1) English language, entry of appearance, and proof of service requirements. A motion and any submission made in conjunction with a motion must be in English or accompanied by a certified English translation. If the moving party, other than the Service, is represented, Form EOIR-27, Notice of Entry of Appearance as Attorney or Representative Before the

Board, must be filed with the motion. In all cases, the motion shall include proof of service on the opposing party of the motion and all attachments. If the moving party is not the Service, service of the motion shall be made upon the Office of the District Counsel for the district in which the case was completed before the Immigration Judge.

(2) Distribution of motion papers.

(i) A motion to reopen or motion to reconsider a decision of the Board pertaining to proceedings before an Immigration Judge shall be filed directly with the Board. Such motion must be accompanied by a check, money order, or fee waiver request in satisfaction of the fee requirements of § 1003.8. The record of proceeding pertaining to such a motion shall be forwarded to the Board upon the request or order of the Board.

(ii) A motion to reopen or a motion to reconsider a decision of the Board pertaining to a matter initially adjudicated by an officer of the Service shall be filed with the officer of the Service having administrative control over the record of proceeding.

(iii) If the motion is made by the Service in proceedings in which the Service has administrative control over the record of proceedings, the record of proceedings in the case and the motion shall be filed directly with the Board. If such motion is filed directly with an office of the Service, the entire record of proceeding shall be forwarded to the Board by the Service officer promptly upon receipt of the briefs of the parties, or upon expiration of the time allowed for the submission of such briefs.

(3) Briefs and response. The moving party may file a brief if it is included with the motion. If the motion is filed directly with the Board pursuant to paragraph (g)(2)(i) of this section, the opposing party shall have 13 days from the

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

8 C.F.R. § 1003.2

date of service of the motion to file a brief in opposition to the motion directly with the Board. If the motion is filed with an office of the Service pursuant to paragraph (g)(2)(ii) of this section, the opposing party shall have 13 days from the date of filing of the motion to file a brief in opposition to the motion directly with the office of the Service. In all cases, briefs and any other filings made in conjunction with a motion shall include proof of service on the opposing party. The Board, in its discretion, may extend the time within which such brief is to be submitted and may authorize the filing of a brief directly with the Board. A motion shall be deemed unopposed unless a timely response is made. The Board may, in its discretion, consider a brief filed out of time.

(h) Oral argument. A request for oral argument, if desired, shall be incorporated in the motion to reopen or reconsider. The Board, in its discretion, may grant or deny requests for oral argument.

(i) Ruling on motion. Rulings upon motions to reopen or motions to reconsider shall be by written order. Any motion for reconsideration or reopening of a decision issued by a single Board member will be referred to the screening panel for disposition by a single Board member, unless the screening panel member determines, in the exercise of judgment, that the motion for reconsideration or reopening should be assigned to a three-member panel under the standards of § 1003.1(e)(6). If the order directs a reopening and further proceedings are necessary, the record shall be returned to the Immigration Court or the officer of the Service having administrative control over the place where the reopened proceedings are to be conducted. If the motion to reconsider is granted, the decision upon such reconsideration shall affirm, modify, or reverse the original decision made in the case.

[27 FR 96, Jan. 5, 1962; 61 FR 18904, April 29, 1996; 61 FR 32924, June 26, 1996; 62 FR 10330, March 6, 1997; 64 FR 56142, Oct. 18, 1999; 67 FR 54904, Aug. 26, 2002; 68 FR 10350, March 5,

2003]

SOURCE: 52 FR 2936, 2941, Jan. 29, 1987; 57 FR 11570, April 6, 1992;  60 FR 29468, June 5, 1995; 61 FR 59305, Nov. 22, 1996; 63 FR 27448, May 19, 1998; 63 FR 31894, June 11, 1998; 64 FR 56141, Oct. 18, 1999; 66 FR 37123, July 17, 2001; 66 FR 54911, Oct. 31, 2001; 66 FR 56976, Nov. 14, 2001; 68 FR 9830, Feb. 28, 2003; 68 FR 9824, Feb. 28, 2003; 68 FR 9830, Feb. 28, 2003; 71 FR 57884, Oct. 2, 2006; 71 FR 70857, Dec. 7, 2006, unless otherwise noted.

AUTHORITY: 5 U.S.C. 301; 6 U.S.C. 521; 8 U.S.C. 1101, 1103, 1154, 1155, 1158, 1182, 1226, 1229, 1229a, 1229b, 1229c, 1231, 1254a, 1255, 1324d, 1330, 1361, 1362; 28 U.S.C. 509, 510, 1746; sec. 2 Reorg. Plan No. 2 of 1950; 3 CFR, 1949-1953 Comp., p. 1002; section 203 of Pub.L. 105-100, 111 Stat. 2196-200; sections 1506 and 1510 of Pub.L. 106-386, 114 Stat. 1527-29, 1531-32; section 1505 of Pub.L. 106-554, 114 Stat. 2763A-326 to -328.

8 C. F. R. § 1003.2, 8 CFR § 1003.2

Current through February 28, 2008; 73 FR 10969

Copr. © 2008 Thomson/ West

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

8 C.F.R. § 1003.3

**C**

**Effective: [See Text Amendments]**

Code of Federal Regulations Currentness
  Title 8. Aliens and Nationality
    Chapter V. Executive Office for Immigration
    Review, Department of Justice (Refs & Annos)
      Subchapter A. General Provisions (Refs &
      Annos)
        🔖 Part 1003. Executive Office for Immig-
        ration Review (Refs & Annos)
          🔖 Subpart A. Board of Immigration Ap-
          peals

➡ **§ 1003.3 Notice of Appeal.**

(a) Filing--

(1) Appeal from decision of an immigration judge. A party affected by a decision of an immigration judge which may be appealed to the Board under this chapter shall be given notice of the opportunity for filing an appeal. An appeal from a decision of an immigration judge shall be taken by filing a Notice of Appeal from a Decision of an Immigration Judge (Form EOIR-26) directly with the Board, within the time specified in § 1003.38. The appealing parties are only those parties who are covered by the decision of an immigration judge and who are specifically named on the Notice of Appeal. The appeal must reflect proof of service of a copy of the appeal and all attachments on the opposing party. An appeal is not properly filed unless it is received at the Board, along with all required documents, fees or fee waiver requests, and proof of service, within the time specified in the governing sections of this chapter. A Notice of Appeal may not be filed by any party who has waived appeal pursuant to § 1003.39.

(2) Appeal from decision of a Service officer. A party affected by a decision of a Service of-

ficer that may be appealed to the Board under this chapter shall be given notice of the opportunity to file an appeal. An appeal from a decision of a Service officer shall be taken by filing a Notice of Appeal to the Board of Immigration Appeals from a Decision of an INS Officer (Form EOIR-29) directly with the office of the Service having administrative control over the record of proceeding within 30 days of the service of the decision being appealed. An appeal is not properly filed until it is received at the appropriate office of the Service, together with all required documents, and the fee provisions of § 1003.8 are satisfied.

(3) General requirements for all appeals. The appeal must be accompanied by a check, money order, or fee waiver request in satisfaction of the fee requirements of § 1003.8. If the respondent or applicant is represented, a Notice of Entry of Appearance as Attorney or Representative Before the Board (Form EOIR-27) must be filed with the Notice of Appeal. The appeal and all attachments must be in English or accompanied by a certified English translation.

(b) Statement of the basis of appeal. The party taking the appeal must identify the reasons for the appeal in the Notice of Appeal (Form EOIR-26 or Form EOIR-29) or in any attachments thereto, in order to avoid summary dismissal pursuant to § 1003.1(d)(2)(i). The statement must specifically identify the findings of fact, the conclusions of law, or both, that are being challenged. If a question of law is presented, supporting authority must be cited. If the dispute is over the findings of fact, the specific facts contested must be identified. Where the appeal concerns discretionary relief, the appellant must state whether the alleged error relates to statutory grounds of eligibility or to the exercise of discretion and must identify the specific factual and legal finding or findings that are being challenged. The appellant must also indicate in the Notice of

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

8 C.F.R. § 1003.3

Appeal (Form EOIR-26 or Form EOIR-29) whether he or she desires oral argument before the Board and whether he or she will be filing a separate written brief or statement in support of the appeal. An appellant who asserts that the appeal may warrant review by a three-member panel under the standards of § 1003.1(e)(6) may identify in the Notice of Appeal the specific factual or legal basis for that contention.

(c) Briefs--

   (1) Appeal from decision of an immigration judge. Briefs in support of or in opposition to an appeal from a decision of an immigration judge shall be filed directly with the Board. In those cases that are transcribed, the briefing schedule shall be set by the Board after the transcript is available. In cases involving aliens in custody, the parties shall be provided 21 days in which to file simultaneous briefs unless a shorter period is specified by the Board, and reply briefs shall be permitted only by leave of the Board. In cases involving aliens who are not in custody, the appellant shall be provided 21 days in which to file a brief, unless a shorter period is specified by the Board. The appellee shall have the same period of time in which to file a reply brief that was initially granted to the appellant to file his or her brief. The time to file a reply brief commences from the date upon which the appellant's brief was due, as originally set or extended by the Board. The Board, upon written motion, may extend the period for filing a brief or a reply brief for up to 90 days for good cause shown. In its discretion, the Board may consider a brief that has been filed out of time. All briefs, filings, and motions filed in conjunction with an appeal shall include proof of service on the opposing party.

   (2) Appeal from decision of a Service officer. Briefs in support of or in opposition to an appeal from a decision of a Service officer shall be filed directly with the office of the Service having administrative control over the file. The alien and the Service shall be provided 21 days in which to file a brief, unless a shorter period is specified by the Service officer from whose decision the appeal is taken, and reply briefs shall be permitted only by leave of the Board. Upon written request of the alien, the Service officer from whose decision the appeal is taken or the Board may extend the period for filing a brief for good cause shown. The Board may authorize the filing of briefs directly with the Board. In its discretion, the Board may consider a brief that has been filed out of time. All briefs and other documents filed in conjunction with an appeal, unless filed by an alien directly with a Service office, shall include proof of service on the opposing party.

(d) Effect of certification. The certification of a case, as provided in this part, shall not relieve the party affected from compliance with the provisions of this section in the event that he or she is entitled and desires to appeal from an initial decision, nor shall it serve to extend the time specified in the applicable parts of this chapter for the taking of an appeal.

(e) Effect of departure from the United States. Departure from the United States of a person who is the subject of deportation proceedings, prior to the taking of an appeal from a decision in his or her case, shall constitute a waiver of his or her right to appeal.

(f) Application on effective date. All cases and motions pending on September 25, 2002, shall be adjudicated according to the rules in effect on or after that date, except that § 1003.1(d)(3)(i) shall not apply to appeals filed before September 25, 2002. A party to an appeal or motion pending on August 26, 2002, may, until September 25, 2002, or the expiration of any briefing schedule set by the Board, whichever is later, submit a brief or statement limited to explaining why the appeal or motion does or does not meet the criteria for three-member review under § 1003.1(e)(6).

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

8 C.F.R. § 1003.3

[23 FR 9118, Nov. 26, 1958, as amended by Order No. 325-64, 29 FR 14717, Oct. 29, 1964; 48 FR 8040, Feb. 25, 1983; 52 FR 2936, Jan. 29, 1987; 60 FR 34089, June 30, 1995; 61 FR 18906, April 29, 1996; 66 FR 6445, Jan. 22, 2001; 67 FR 54904, Aug. 26, 2002]

SOURCE: 52 FR 2936, 2941, Jan. 29, 1987; 57 FR 11570, April 6, 1992;  60 FR 29468, June 5, 1995; 61 FR 59305, Nov. 22, 1996; 63 FR 27448, May 19, 1998; 63 FR 31894, June 11, 1998; 64 FR 56141, Oct. 18, 1999; 66 FR 37123, July 17, 2001; 66 FR 54911, Oct. 31, 2001; 66 FR 56976, Nov. 14, 2001; 68 FR 9830, Feb. 28, 2003; 68 FR 9824, Feb. 28, 2003; 68 FR 9830, Feb. 28, 2003; 71 FR 57884, Oct. 2, 2006; 71 FR 70857, Dec. 7, 2006, unless otherwise noted.

AUTHORITY: 5 U.S.C. 301; 6 U.S.C. 521; 8 U.S.C. 1101, 1103, 1154, 1155, 1158, 1182, 1226, 1229, 1229a, 1229b, 1229c, 1231, 1254a, 1255, 1324d, 1330, 1361, 1362; 28 U.S.C. 509, 510, 1746; sec. 2 Reorg. Plan No. 2 of 1950; 3 CFR, 1949-1953 Comp., p. 1002; section 203 of Pub.L. 105-100, 111 Stat. 2196-200; sections 1506 and 1510 of Pub.L. 106-386, 114 Stat. 1527-29, 1531-32; section 1505 of Pub.L. 106-554, 114 Stat. 2763A-326 to -328.

8 C. F. R. § 1003.3, 8 CFR § 1003.3

Current through February 28, 2008; 73 FR 10969

Copr. © 2008 Thomson/ West

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

8 C.F.R. § 1003.4

**C**

**Effective: [See Text Amendments]**

Code of Federal Regulations Currentness
   Title 8. Aliens and Nationality
      Chapter V. Executive Office for Immigration
      Review, Department of Justice (Refs & Annos)
         Subchapter A. General Provisions (Refs &
         Annos)
            Part 1003. Executive Office for Immig-
            ration Review (Refs & Annos)
               Subpart A. Board of Immigration Ap-
               peals

→ **§ 1003.4 Withdrawal of appeal.**

In any case in which an appeal has been taken, the party taking the appeal may file a written withdrawal thereof with the office at which the notice of appeal was filed. If the record in the case has not been forwarded to the Board on appeal in accordance with § 1003.5, the decision made in the case shall be final to the same extent as if no appeal had been taken. If the record has been forwarded on appeal, the withdrawal of the appeal shall be forwarded to the Board and, if no decision in the case has been made on the appeal, the record shall be returned and the initial decision shall be final to the same extent as if no appeal had been taken. If a decision on the appeal has been made by the Board in the case, further action shall be taken in accordance therewith. Departure from the United States of a person who is the subject of deportation proceedings subsequent to the taking of an appeal, but prior to a decision thereon, shall constitute a withdrawal of the appeal, and the initial decision in the case shall be final to the same extent as though no appeal had been taken. Departure from the United States of a person who is the subject of deportation or removal proceedings, except for arriving aliens as defined in § 1001.1(q) of this chapter, subsequent to the taking of an appeal, but prior to a decision thereon, shall constitute a withdrawal of the appeal, and the initial decision in the case shall be final to the same extent as though no appeal had been taken.

[29 FR 2692, Feb. 26, 1964; 52 FR 2936, Jan. 29, 1987; 61 FR 18906, April 29, 1996; 62 FR 10331, March 6, 1997; 68 FR 10350, March 5, 2003]

SOURCE: 52 FR 2936, 2941, Jan. 29, 1987; 57 FR 11570, April 6, 1992;  60 FR 29468, June 5, 1995; 61 FR 59305, Nov. 22, 1996; 63 FR 27448, May 19, 1998; 63 FR 31894, June 11, 1998; 64 FR 56141, Oct. 18, 1999; 66 FR 37123, July 17, 2001; 66 FR 54911, Oct. 31, 2001; 66 FR 56976, Nov. 14, 2001; 68 FR 9830, Feb. 28, 2003; 68 FR 9824, Feb. 28, 2003; 68 FR 9830, Feb. 28, 2003; 71 FR 57884, Oct. 2, 2006; 71 FR 70857, Dec. 7, 2006, unless otherwise noted.

AUTHORITY: 5 U.S.C. 301; 6 U.S.C. 521; 8 U.S.C. 1101, 1103, 1154, 1155, 1158, 1182, 1226, 1229, 1229a, 1229b, 1229c, 1231, 1254a, 1255, 1324d, 1330, 1361, 1362; 28 U.S.C. 509, 510, 1746; sec. 2 Reorg. Plan No. 2 of 1950; 3 CFR, 1949-1953 Comp., p. 1002; section 203 of Pub.L. 105-100, 111 Stat. 2196-200; sections 1506 and 1510 of Pub.L. 106-386, 114 Stat. 1527-29, 1531-32; section 1505 of Pub.L. 106-554, 114 Stat. 2763A-326 to -328.

8 C. F. R. § 1003.4, 8 CFR § 1003.4

Current through February 28, 2008; 73 FR 10969

      Copr. © 2008 Thomson/
West

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.